UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARIANA PREDA,

                                Plaintiff,

                – against –

NEW YORK PRESBYTERIAN HOSPITAL,

                             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Case No. 08-CV-10724 (DAB)**

**ECF**

**ANSWER**

       Defendant, The New York and Presbyterian Hospital ("Defendant" or "Hospital"), sued herein as New York Presbyterian Hospital, by its attorneys, Epstein Becker & Green, P.C., for its Answer to the Complaint, states as follows:

       1.      Denies the allegations in paragraph 1 of the Complaint.

       2.      The allegations in paragraph 2 of the Complaint are allegations of law to which no response is required.

       3.      The allegations in paragraph 3 of the Complaint are allegations of law to which no response is required.

       4.      Admits the allegations in paragraph 4 of the Complaint.

       5.      Denies knowledge and information sufficient to form a belief as to the allegations in paragraph 5 of the Complaint.

       6.      Denies knowledge and information sufficient to form a belief as to the allegations in paragraph 6 of the Complaint, except admits that on or about September 3, 2008 the EEOC issued a Determination with respect to the charge of discrimination that Plaintiff filed against the Hospital, and refers to the Determination for the contents thereof.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, except admits that the EEOC issued a Notice of Right to Sue and refers to the Notice for the contents thereof.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint.

9.      Admits the allegations in paragraph 9 of the Complaint.

10.     Denies the allegations in paragraph 10 of the Complaint.

11.     Admits the allegations in paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.     Admits the allegations in paragraph 13 of the Complaint, except that Plaintiff began her employment with Defendant in March, 1988.

14.     Admits the allegations in paragraph 14 of the Complaint.

15.     Denies the allegations in paragraph 15 of the Complaint.

16.     Denies the allegations in paragraph 16 of the Complaint, except admits that in 2003, Plaintiff applied for and accepted a part-time position as a Medical Surgical Technician in the Ambulatory Care Network, Cornell Surgical Associates Division.

17.     Denies the allegations in paragraph 17 of the Complaint.

18.     Denies the allegations in paragraph 18 of the Complaint.

19.     Denies the allegations in paragraph 19 of the Complaint.

20.     Denies the allegations in paragraph 20 of the Complaint.

21.     Denies the allegations in paragraph 21 of the Complaint.

22.     Denies the allegations in paragraph 22 of the Complaint.

23.    Denies the allegations in paragraph 23 of the Complaint.

24.    Denies the allegations in paragraph 24 of the Complaint.

25.    Denies the allegations in paragraph 25 of the Complaint, except admits that, on or about May 18, 2005, Plaintiff's position was eliminated.

26.    Denies the allegations in paragraph 26 of the Complaint.

27.    Denies the allegations in paragraph 27 of the Complaint.

28.    Denies the allegations in paragraph 28 of the Complaint.

29.    Denies the allegations in paragraph 29 of the Complaint.

30.    Denies the allegations in paragraph 30 of the Complaint.

31.    Defendant repeats and realleges its answers to paragraphs 1 through 30 as if fully set forth herein.

32.    Denies the allegations in paragraph 32 of the Complaint.

33.    Denies the allegations in paragraph 33 of the Complaint.

34.    Denies the allegations in paragraph 34 of the Complaint.

35.    Defendant repeats and realleges its answers to paragraphs 1 through 34 as if fully set forth herein.

36.    Denies the allegations in paragraph 36 of the Complaint.

37.    Denies the allegations in paragraph 37 of the Complaint.

38.    Denies the allegations in paragraph 38 of the Complaint.

39.    Defendant repeats and realleges its answers to paragraphs 1 through 38 as if fully set forth herein.

40.    Denies the allegations in paragraph 40 of the Complaint.

41.    Denies the allegations in paragraph 41 of the Complaint.

42.    Denies the allegations in paragraph 42 of the Complaint.

43.    Defendant repeats and realleges its answers to paragraphs 1 through 42 as if fully set forth herein.

44.    Denies the allegations in paragraph 44 of the Complaint.

45.    Defendant repeats and realleges its answers to paragraphs 1 through 44 as if fully set forth herein.

46.    Denies the allegations in paragraph 46 of the Complaint.

47.    Defendant repeats and realleges its answers to paragraphs 1 through 46 as if fully set forth herein.

48.    Denies the allegations in paragraph 48 of the Complaint.

49.    Denies the allegations in paragraph 49 of the Complaint.

## DEFENSES

### FIRST DEFENSE

50.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

51.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD DEFENSE

52.    Defendant's treatment of Plaintiff was based on reasonable, legitimate business factors and was non-discriminatory in nature.

### FOURTH DEFENSE

53.    Plaintiff has failed to mitigate her damages if any damages were actually suffered by plaintiff.

## FIFTH DEFENSE

54.     Plaintiff's claims regarding alleged harassment are barred because Defendant took prompt and appropriate remedial action in response to her complaints.

## SIXTH DEFENSE

55.     Plaintiff's harassment claims are barred because: (a) no tangible, adverse employment action was taken against Plaintiff, (b) Defendant, at all times, exercised reasonable care to prevent and promptly correct any alleged harassing behavior, and (c) Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities provided by Defendant.

## SEVENTH DEFENSE

56.     Plaintiff's New York City Human Rights Law claims must be dismissed for her failure to comply with the filing prerequisites of Section 8-502 of the New York City Administrative Code.

## EIGHTH DEFENSE

57.     Plaintiff has failed to state a claim for recovery of punitive damages.

**WHEREFORE**, Defendant The New York and Presbyterian Hospital respectfully requests that the Court deny the relief sought by Plaintiff, dismiss the Complaint with prejudice, award Defendant costs, disbursements and reasonable attorneys' fees, and grant Defendant such other and further relief that it deems just and proper.

Dated: New York, New York
        February 23, 2009

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By: _____
    James S. Frank (JF-5389)
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
*Attorneys for Defendant*
*The New York and Presbyterian Hospital*

TO:    David M. Fish, Esq.
       *Attorney for Plaintiff*
       500 Fifth Avenue, Suite 5100
       New York, NY 10110
       (212) 869-1040

# Affidavit of Service by Mail

STATE OF NEW YORK      )
                            )     ss.:
COUNTY OF NEW YORK    )

Catlyn Wiegand, being duly sworn, says:

I am not a party to this action, am over 18 years old and am employed with Epstein, Becker & Green, P.C. On February 23, 2009, I served a true copy of the attached  by first class mail by depositing same in a sealed envelope, postage prepaid, in an official depository of the U.S. Postal Service within the State of New York, addressed to the following person at the address indicated below:

David M. Fish, Esq.
*Attorney for Plaintiff*
500 Fifth Avenue, Suite 5100
New York, NY 10110
(212) 869-1040

_____
Catlyn Wiegand

Sworn to before me this
23rd day of February, 2009

_____
Notary Public

DONALD S. KRUEGER
Notary Public, State of New York
No 02KR6076905
Qualified in Westchester County
Commission Expires July 02, 2010