UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
MARIANA PREDA,

                Plaintiff,

             - against -

NEW YORK PRESBYTERIAN HOSPITAL,

                Defendants.
------------------------------------- x

08 CV 10724 (DAB)

ECF CASE

## DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

Defendant New York and Presbyterian Hospital ("Defendant"), by its attorneys, Epstein Becker & Green, P.C., respectfully requests that the Court include the following questions in its examination of prospective jurors, pursuant to Rule 47(a) of the Federal Rules of Civil Procedure, and to permit Defendant to supplement that inquiry, if necessary.

### Case Summary

Plaintiff Mariana Preda is a nurse technician who asserts claims for employment discrimination against New York Presbyterian Hospital on the basis of national origin, age, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, and under local law. Defendant denies these allegations and states that all of its actions with respect to Plaintiff have always been for lawful non-discriminatory reasons.

1.      On the basis of this brief description, is there any reason why any of you would be unable to sit as jurors and decide this case only on the basis of the evidence that you hear and the law as the Court instructs you?

## Jurors' Familiarity with the Parties

    **A.**    **Plaintiff**

    2.    Do any of you know the Plaintiff, Mariana Preda, or any of her family members?

    **B.**    **Defendant**

    3.    The Defendant is New York Presbyterian Hospital. Have you, any family member or any personal friend ever worked for New York Presbyterian Hospital or any of its predecessors The Presbyterian Hospital in the City of New York which was sometimes called, Columbia Presbyterian Hospital or The Society of New York Hospital, which was also known as New York Hospital? If so, when and in what capacity did you (or they) perform work?

    4.    Events in this case are alleged to have occurred at the Weill Cornell Medical College. Have you, any family member or any personal friend ever worked for the Weill Cornell Medical College or Cornell University? If so, when and in what capacity did you (or they) perform work?

    5.    Have you, any family member or any personal friend ever received medical treatment at the New York Presbyterian Hospital or any of its locations or facilities, including in patient or out patient facilities? If so, were you, any family member or any personal friend satisfied or dissatisfied with the treatment received at the New York Presbyterian Hospital or any of its locations or facilities, including in patient or out patient facilities??

    6.    Have you or any family member ever chosen not to be treated at or be a patient at New York Presbyterian Hospital or any of its locations or facilities, including in patient or out patient facilities? If so, for what reason?

7. If you have an opinion or feelings at this time, either positive or negative, about the quality of care rendered at New York Presbyterian Hospital or any of its locations or facilities, including in patient or out patient facilities?

8. If you have an opinion or feelings at this time, either positive or negative, about New York Presbyterian Hospital or any of its locations or facilities, including in patient or out patient facilities?

9. New York Presbyterian Hospital is occasionally in the news, either on television or in the newspaper. Have you read any newspaper article or heard any news report about New York Presbyterian Hospital in the last three years? If so, what have you read or heard and would it influence you in this proceeding?

10. Other than medical treatment, have you, any family member or any personal friend ever had any personal or business dealings with the New York Presbyterian Hospital? If so, what were your or their dealings?

### Hospitals, Physicians And Nurses

11. Have you, any family member or any personal friend ever been dissatisfied or unhappy with the treatment you received while a patient in any hospital or physician's office?

12. Have you or any member of your family ever had a negative experience in a hospital or with a physician or nurse?

13. Do you, any family member or any personal friend believe that you, or he or she, has ever been injured or hurt as a result of the conduct of a hospital, physician, or support staff?

14. Do you or any member of your family dislike or have any reason to distrust hospitals, physicians or the support staff?

3

15. Have you or any member of your family ever worked in a hospital or physician's office or for any health care provider? If so, in what capacity did you (or they) work? If you no longer work there, why did you leave? Does your or your family member's past employment in a hospital setting or physician's office prejudice you towards or against either party in this case?

### Jurors' Familiarity With Counsel

16. Let me introduce the attorneys to you.

   a. Mathew J. Blit and Russell Moriarity, Levine & Blit, PLLC is representing the Plaintiff.

   b. James S. Frank and Brian G. Cesaratto of Epstein Becker & Green, P.C. are representing Defendant New York Presbyterian Hospital.

17. Do any of you know any of the attorneys or law firms in this case?

18. Do any of you know anyone who works for, has worked for or has had dealings with any of the attorneys or law firms I just mentioned?

### Jurors' Familiarity With Witnesses

19. I am going to read a list of names of people who may be called as witnesses in this case. We need to learn from you if you know any of them. Please raise your hand if you think you know anyone on this list. The mere fact that I read the name to you does not necessarily mean that the person will actually be called as a witness. That decision is for the attorneys.

        Nisha Cunningham
        Dee Ann Davidson
        Diane David
        Steve Debrocki
        Thomas Fahey, M.D.
        Verna Gagason

        Brian Hale
        Gale Kolt
        Maurice Lee
        Sang W. Lee, M.D.
        Jeffrey Milsum, M.D.
        Michelle Pfieffer
        Nanette Shlasko
        Trenceva Koyana

20. As to any juror indicating that he/she knows any witness:

    a. Who do you know?

    b. How do you know that person?

    c. Would your acquaintance with/relationship to _____ in any way affect any decision that you may be required to make as a juror? If yes, how would this affect your decisions as a juror?

    d. Would you be more likely to believe _____ or would you assign more or less weight to anything that he/she might say because of your relationship?

21. Although they may not be witnesses, you may hear other names during the course of this trial. These may include:

        Nicole Edgar
        Monet Ford
        Alicia Guitierez
        Alex Vladislavitz
        Nobia LNU

Do you know any of them?

### Jurors' Backgrounds

22. The parties are entitled to know about your individual backgrounds. I will now ask you certain questions about your job.

23. What's your occupation?

24. Where do you work?

25. How long have you worked there?

26. What is your job title?

27. What type of work do you do?

28. Have you, your friends, or any member of your family ever been involuntarily terminated from a job? What were the circumstances?

29. If you are retired, at what age did you retire? Under what circumstances did you retire (voluntary, involuntary, layoffs)?

30. If you are unemployed, how long and under what circumstances did you become unemployed? Have you ever been laid off?

31. Is your spouse or significant other, if any, employed? If so, where? What job? If unemployed: duration and circumstances?

32. Do you have working children? If so, where? What job[s]?

33. How far did you go in school? Your spouse?

34. Have you ever held a supervisory position in any job? If so, how many employees did you supervise? In what functions?

35. Is anyone in your family or is any close friend an attorney? If so, who? What is his or her specialty, if any?

36. Have you or a member of your family or a friend ever worked for the United States Equal Employment Opportunity Commission, commonly referred to as the EEOC, the New York State Division of Human Rights, the New York City Human Rights Commission or any other state or local anti-discrimination or human rights agency? If so, please explain.

37. Where do you live?

38. How long have you lived in your current residence?

39. Do you have any medical problems which might affect your ability to hear or see the evidence presented in this case and deliberate and reach a verdict?

### Jurors' Experience With Discrimination and Retaliation Claims

40. Have you, a family member or a close friend ever had any unpleasant experiences with an employer, including a job loss, layoff, termination or denial of promotion? If so, please describe.

41. Have you, a family member or a close friend ever been treated unfairly by an employer? If so, on what do you or they base the feelings of unfair treatment?

42. Have you, any member of your family or close personal friend ever believed that you or he or she has been discriminated against or retaliated against by your or his or her employer? If so:

    a. On what do you, or they, base the claim of discrimination, retaliation or unlawful treatment?

    b. Was a grievance or complaint with the employer?

    c. Was a charge filed with any state or local government agency?

    d. Was the complaint/charge resolved favorably to the individual?

    e. Was a lawsuit ever filed in state or federal court? If so:

        (1) Did the lawsuit go to trial?

        (2) Was the case tried before a jury?

        (3) Was the case resolved favorably to the plaintiff?

        (4) How did you feel about the judicial process after the lawsuit settled or was determined by the court/jury?

43. Do you think there is widespread discrimination against employees in the workplace? Why do you think that?

44. Do you believe that an employer has the right to terminate an employee for any reason or no reason – so long as no discrimination is involved?

45. Do you believe that an employer has the right to make business judgments so long as no discrimination is involved? Could you find in favor of Defendant if Plaintiff does not meet her burden of proof, even if you do not agree with Defendant's decisions or the reasons for those decisions?

### Jurors' Experience with the Legal System

46. Have you ever served previously as a member of a jury, whether a petit jury or grand jury?

   a. Is so, when and in which court?

   b. What was the case about?

   c. Did you reach a verdict?

   d. Was your verdict for the plaintiff or defendant?

   e. Would the fact that you previously served on a jury prevent you from rendering a fair and impartial verdict according to the evidence and instructions of the Court?

   f. Has any member of your immediate family or a close personal friend told you about their service on a jury? If so, have they said anything that will influence you if you are picked on this jury? Has any of those persons reported an unpleasant or unfavorable experience?

47. Have you or any member of your immediate family, including your spouse, your children, their spouses or children or any other close relative, or any personal or family friend, ever been involved in a claim for money in any role? If so, please describe the nature of the matter and its outcome? Is there anything in that experience that would prevent you from rendering a fair and impartial verdict according to the evidence and instructions of the Court?

48. Has anyone ever sued or been sued in a court of any type of case (including an employment discrimination case)? If so:

    a. What type of case was it?

    b. Were you the person suing or the person being sued?

    c. Was the case before a judge or jury?

    d. Who was the other party in the lawsuit?

    e. How did the court/jury rule?

    f. How did the handling of your case make you feel about the judicial process in general?

    g. When did this happen?

49. Do you believe that a case must have merit if it has gotten to trial?

50. Sometimes a natural reaction is to "feel sorry" for a plaintiff in a lawsuit. Would you allow any sympathy you might have for the Plaintiff affect your decision in this case?

51. The functions of the judge and jury are very different. You as jurors – and only you – decide the facts, that is, what happened. The judge– and only the judge – decides the law. I will tell you what the applicable law is at the close of the case, and you must apply that law to the facts as you find them whether or not you agree with the law, or think it is wise or just

or fair. You do not have any choice in that regard. Can each of you follow this instruction without any reservation?

52. I will explain this in greater detail to you later in the trial. However, you should now be aware that in general, the law provides that Plaintiff always has what is called the "burden of proof," that is, Plaintiff ultimately has to convince you that Defendants intentionally discriminated against her. Defendants do not have to prove that they did not discriminate against Plaintiff. Do any of you have any difficulty accepting and applying that essential principle of law, whether or not you agree with it?

### NYPH's Corporate Status

53. New York Presbyterian Hospital is a not-for-profit corporation. As such, it presumably has greater economic resources than the Plaintiff. The relative economic resources of Plaintiff and Defendants are of no relevance whatsoever to the issues in the case, and this factor must not be allowed to enter into your decision-making. Do any of you feel that you cannot judge the evidence with complete indifference to the relative size and financial capabilities of the parties?

54. Do any of you feel disposed to grant monetary damages to the Plaintiff – even if she fails to prove her case in accordance with the rules which I will explain to you later – simply because the New York Presbyterian Hospital is a corporation?

55. Do any of you feel sympathetic or allied with persons who bring proceedings against corporations or other institutions in the courts or elsewhere?

56. Would any of you be less likely to believe testimony offered by Defendants witnesses because the New York Presbyterian Hospital is a corporation or because certain witnesses work or have worked for a corporation?

57. Would any of you be more likely to believe evidence offered by the Plaintiff because she is an individual, or because she is suing her former employer?

### Miscellaneous

58. Is there anything at all that any of you can think of that would prevent you from being completely fair and impartial in this case?

Defendants reserve its right to supplement or amend the above-requested voir dire questions subsequent to the rulings on the motions in limine.

Dated: New York, New York  
June 15, 2011

EPSTEIN BECKER & GREEN, P.C.

By: /s/ James S. Frank  
James S. Frank  
Brian G. Cesaratto  
250 Park Avenue  
New York, New York 10177-1211  
(212) 351-4500  
*Attorneys for Defendant New York Presbyterian Hospital*

To: Matthew J. Blit, Esq.  
Levine and Blit, PLLC  
350 Fifth Avenue, Suite 3601  
New York, NY 10118  
*Attorneys for Plaintiff*

11