UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

MARIANA PREDA,

                        Plaintiff,

            - against -

NEW YORK PRESBYTERIAN HOSPITAL,

                     Defendant.

------------------------------------ x

Docket No.: 08 CV 10724 (SC)

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE

EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY 10177-1211

————

212.351.4500

Attorneys for Defendant New York Presbyterian Hospital

## TABLE OF CONTENTS

Page

I.      PRELIMINARY STATEMENT ..................................................................................1

II.     INTRODUCTION ....................................................................................................1

III.    ARGUMENT............................................................................................................2

      A.      No Basis Exists To Impute Knowledge Of Any Purported Harassing
            Or Discriminatory Acts Or Omissions Of Third Parties To The Hospital
            And All Statements By Third Parties Are Inadmissible Hearsay As To The
            Hospital. .................................................................................................................. 2

      B.      Plaintiff's ADEA and Title VII Claims Are Time Barred as to Discrete Acts
            Prior to February 10, 2005 And Evidence Concerning These Time Barred
            Events Is Properly Excluded. ................................................................................ 6

      C.      Plaintiff's Title VII Hostile Work Environment Claims For Purported
            National Origin Harassment Are Also Time Barred And All Evidence
            Concerning Such Purported Stale Harassment Is Properly Excluded. ................. 10

      D.      Plaintiff's ADEA Hostile Work Environment Claims For Purported
            Age Harassment Are Also Time Barred and/or Legally Insufficient. .................. 11

      E.      Plaintiff's NYCHRL Claims Are Time Barred In Their Entirety......................... 13

      F.      Any Recovery of Front/Back Pay is Cut Off As Of June 1, 2006 When
            Plaintiff Admitted That She Was Totally Disabled And Any Evidence Of
            Purported Lost Pay Thereafter Should Be Excluded. ........................................... 14

      G.      Plaintiff is Not Entitled To A Jury Determination Of Front and Back Pay
            And Any Purported Evidence Of Lost Pay Should Be Excluded From
            The Jury. .............................................................................................................. 15

      H.      Plaintiff Should Be Precluded From Introducing The EEOC's
            Determination Letters. .......................................................................................... 15

      I.      Plaintiff's 2000-2003 Performance Evaluations Are Irrelevant,
            Or Would Cause Jury Confusion and Be Unduly Prejudicial................................ 17

      J.      Plaintiff Should Be Precluded From Introducing Evidence Since She
            Has Failed To Produce Documents...................................................................... 18

IV.     CONCLUSION.........................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abram v. City of Buffalo*, No. 04-CV-4415, 2011 WL 334297 (W.D.N.Y. Jan. 28, 2011) ............8

*Alfano v. Costello*, 294 F. 3d 365 (2d Cir. 2002).............................................................................2

*Ariza v. City of N.Y.*, 139 F.3d 132 (2d Cir. 1998) ........................................................................16

*Bailey v. South Carolina Dep't of Soc. Servs*, 851 F. Supp. 219 (D.S.C. 1993) ...........................16

*Barlow v. State of Conn.*, 319 F. Supp. 2d 250 (D. Conn. 2004),
*aff'd*, 148 F. App'x 31 (2d Cir. 2005)............................................................................................16

*Bermudez v. City of New York*, ___ F. Supp. 2d ___, 2011
WL 1218406 (S.D.N.Y. Mar. 25, 2011) .........................................................................................8

*Bonura v. Chase Manhattan Bank, N.A.*, 629 F.Supp. 353 (S.D.N.Y.1986).................................18

*Bridgeway Corp. v. Citibank*, 201 F.3d 134 (2d Cir. 2000) ..........................................................15

*Broadnax v. City of New Haven*, 415 F.3d 265 (2d Cir. 2005).......................................................15

*Browne Sanders v. Madison Square Garden, L.P.*,
No. 06 Civ. 589 (S.D.N.Y. Sept. 4, 2007) .....................................................................................15

*Campbell v. Alliance Nat'l Inc.*, 107 F. Supp. 2d 234 (S.D.N.Y.2000) .........................................11

*Chau-Kun Shih v. City of N.Y.*, No. 03 Civ. 8279,
2006 WL 2789986 (S.D.N.Y. Sept. 28, 2006).................................................................................12

*Clark County Sch. Dist. v. Breeden*, 532 U.S. 268 (2001)................................................................5

*Cortes v. Maxus Exploration Co.*, 758 F. Supp. 1182 (S.D. Tex. 1991),
*aff'd*, 977 F.2d 195 (5th Cir. 1992)................................................................................................16

*Danzer v. Norden Sys., Inc.*, 151 F.3d 50 (2d Cir. 1998)...............................................................11

*Ezold v. Wolf, Block, Schorr and Solis-Cohen*, 983 F.2d 509 (3d Cir. 1992)) ..............................11

*Flower v. Mayfair Joint Venture*, No. 95 Civ. 1744,
2000 WL 272187 (S.D.N.Y. Mar.13, 2000) .....................................................................................3

*Franklin v. Consolidated Edison Co. of N. Y., Inc.*, No. 98 Civ. 2286,
2000 WL 1863767 (S.D.N.Y. Dec. 19, 2000), *aff'd*, 37 F. App'x 12 (2d Cir. 2002).....................9

*Germany v. N.Y.S. D.O.C.S.*,
No. 03 Civ. 148, 2003 WL 22203724 (S.D.N.Y. Sept. 22, 2003) ...................................................9

*Goldberg v. B. Green and Co.*, 836 F.2d 845 (4th Cir. 1988) .......................................................16

*Gordon v. N.Y. City Bd. of Educ.*,
No. 01 Civ. 9265, 2003 WL 169800 (S.D.N.Y. Jan. 23, 2003).......................................................8

*Graham v. Watertown City Sch. Dist.*,
No. 7:10-CV-756, 2011 WL 1344149 (N.D.N.Y. Apr. 8, 2011).................................................8, 9

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993)..................................................................10, 11

*Hatter v. Fulton*, No. 92 Civ. 6065, 1997 WL 411623 (S.D.N.Y. July 21, 1997),
*aff'd*, 165 F.3d 14 (2d Cir. 1998) .....................................................................................14

*Jensen v. Henderson*, 315 F.3d 854 (8th Cir. 2002) .......................................................................4

*Johnson v. Palma*, 931 F.2d 203 (2d Cir. 1991) ...........................................................................2

*Joseph v. Leavitt*, 465 F.3d 87 (2d Cir. 2006)..............................................................................9

*Kearney v. ABN Amro, Inc.*,
No. 04 Civ. 06885, 2006 WL 2354819 (S.D.N.Y. Aug. 19, 2006) ................................................13

*Kotcher v. Rosa and Sullivan Appliance Ctr., Inc.*, 957 F.2d 59 (2d Cir. 1992) ......................3, 12

*Lloyd v. WABC-TV*, 879 F. Supp. 394 (S.D.N.Y. 1995)..................................................................7

*Lucenti v. Potter*, 432 F. Supp. 2d 347 (S.D.N.Y. 2006)................................................................8

*McArdle v. Arms Acres, Inc.*,
No 03 Civ. 05721, 2009 WL 755287 (S.D.N.Y. Mar. 23, 2009) ....................................................8

*McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70 (2d Cir. 2010)...................................................12

*Milani v. International Bus. Machs.,Corp.*, 322 F. Supp. 2d (S.D.N.Y. 2004)
*aff'd*, 137 F. App'x 430 (2d Cir. 2005)........................................................................................8

*Mugavero v. Arms Acres, Inc.*, 680 F. Supp. 2d (S.D.N.Y. 2010)................................................18

*Murray v. Visiting Nurse Servs. of N.Y.*, 528 F. Supp. 2d 257 (S.D.N.Y. 2007).............................5

*National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) .........................................7, 8, 10

*Oncale v. Sundowner Offshore Servs. Inc.*, 523 U.S. 75 (1998).....................................................13

*Ozemebhoya v. Edison Parking Corp.*,
No. 02-CV-10057, 2007 WL 2593008 (S.D.N.Y. Sept. 7, 2007)......................................................3

*Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60 (2d Cir. 1998) ................................................16

*Patterson v. County of Oneida, N.Y.*, 375 F. 3d 206 (2d Cir. 2004) ..........................................7, 10

*Perez v. Consolidated Edison Corp. of N. Y.*,
No. 02 Civ. 2832, 2008 WL 194615 (S.D.N.Y. Jan. 23, 2008) ....................................................10

*Perry v. Ethan Allen, Inc.*, 115 F.3d 143 (2d Cir. 1997).................................................................2

*Polanco v. 34th Street P'ship, Inc.*, 724 F. Supp. 420 (S.D.N.Y. 2010) .....................................9

*Quinn v. Green Tree Credit Corp.*, 159 F.3d 759 (2d Cir. 1998)................................................3, 4

*Roberta C. Tse v. UBS Fin. Servs. Inc.*, 568 F. Supp. 2d 274 (S.D.N.Y. 2008)...........................15

*Schiano v. Quality Payroll Systems, Inc.*, 445 F.3d 597 (2d Cir.2006) ...........................................4

*Schlant v. Victor Belata Belting Co.*,
No. 94-CV-0915E, 2000 WL 1737945 (W.D.N.Y. Nov. 9, 2000)................................................14

*Sekyere v. City of N.Y.*, No. 05 Civ. 7192, 2009 WL 773311 (S.D.N.Y. Mar. 18, 2009)..............12

*Selmanovic v. NYSE Group, Inc.*,
No. 06 Civ. 3046, 2007 WL 4563431 (S.D.N.Y. 2007) .................................................................3

*Sir Speedy, Inc. v. L & P Graphics, Inc.*, 957 F.2d 1033 (2d Cir.1992).......................................18

*Snell v. Suffolk County*, 782 F.2d 1094 (2d Cir. 1986) ...................................................................3

*Sumner v. U.S. Postal Serv.*, 899 F.2d 203 (2d Cir.1990) ..............................................................4

*Swenson v. Potter*, 271 F.3d 1184 (9th Cir. 2001)......................................................................4, 5

*Thomas v. iStar Fin., Inc.*, 629 F.3d 276 (2d Cir. 2010)..............................................................15

*Thornley v. Penton Publ'g Inc.*, 104 F.3d 26 (2d Cir. 1997).........................................................14

*U.S. v. Jacques Dessange Inc.*,
No. 52 99 CR 1182DLC, 2000 WL 294845 ................................................................................15

*Valtchev v. City of N.Y.*, 400 F. App'x 586 (2d Cir. 2010)............................................................8

*Vergara v. Bentsen*, 868 F.Supp. 581 (S.D.N.Y.1994)..................................................................7

*Weiss v. Hustedt Chevrolet*,
No. Civ. A. 05-4230, 2009 WL 2132444 (E.D.N.Y. July 13, 2009).............................................13

*Wingfield v. United Techs. Corp.*, 678 F. Supp. 973 (D. Conn. 1988) .....................................9, 10

*Yaohua Deng v. Aramarak Educ. Group, Inc.*,
No. 04-5670-cv, 2006 WL 1049073 (2d Cir. Apr. 19, 2006).........................................................13

**RULES**

Fed. R. Evid. 402 ...................................................................................................................2, 5, 9

Fed. R. Evid. 403 .................................................................................................................2, 9, 17

Fed. R. Evid. 802 ........................................................................................................................6

Fed. R. Evid. 803(8)(C) .....................................................................................................15, 16, 17

## I.   PRELIMINARY STATEMENT

Defendant New York Presbyterian Hospital (the "Hospital") submits this Memorandum of Law in Support of its Motion In Limine.

## II. INTRODUCTION

Defendant moves to exclude from evidence: (i) purported harassing acts by a physician and other staff employed by Weil Cornell Medical College (the "College"), a separate legal entity not named as a party in either the charge of discrimination or this lawsuit, since there is no factual or legal basis to impute knowledge of any purported third party discriminatory or retaliatory acts to the Hospital; (ii) all purported out of court statements by the physician and other third parties since they are pure hearsay as to the Hospital offered for their truth; (iii) all purported complaints directed by Plaintiff to the non-party College, since there is no evidence that the Hospital ever received or was put on notice of these alleged complaints; (iv) all time barred purported discriminatory and retaliatory acts, including poor performance reviews and denials of a full-time work schedule, since they are not probative of Plaintiff's termination claims (*i.e.*, her only timely claims), or will likely lead to jury confusion between actionable and non-actionable conduct, or be unduly prejudicial; (v) all proof of economic damages after June 1, 2006, the date that Plaintiff affirmed in her application to the Social Security Administration she could no longer perform work; (vi) all proof to the jury of lost pay since front and back pay are issues for the Court not the jury; (vii) the EEOC's probable cause determination since it lacks trustworthiness for admissibility as it is replete with factual error as to the parties' assertions and devoid of factual findings, or would be unduly prejudicial; (viii) numerous performance reviews prior to Plaintiff's 2003 requested transfer since they involved different supervision and lack probative value, including as to her claim for discriminatory termination that resulted from the

non-party College's decision to cease funding to the Hospital for the position; and (viii) all purported proof, including alleged damages in the form of out of pocket medical insurance costs and co-payments, as to which Plaintiff has failed to produce documents.

### III. ARGUMENT

**A.     No Basis Exists To Impute Knowledge Of Any Purported Harassing Or Discriminatory Acts Or Omissions Of Third Parties To The Hospital And All Statements By Third Parties Are Inadmissible Hearsay As To The Hospital.**

The Hospital was Plaintiff's sole employer. Plaintiff did not name the College in her EEOC charge or this lawsuit. She cannot, therefore, permissibly now look to impute liability to the Hospital for actions of employees of the College or other third parties. *See Johnson v. Palma*, 931 F.2d 203 (2d Cir. 1991) (upholding dismissal of claim against International Union not named in EEOC charge). Consequently, any third party acts or omissions cannot properly be received in evidence as acts of the Hospital, the only party to this lawsuit, and should be precluded as irrelevant/overly prejudicial. *See* Fed. R. Evid. 402, 403.

Plaintiff's purported proof that the Hospital is legally responsible for the harassing or retaliatory acts of third parties, although none of them were employed by the Hospital, lacks any factual or legal basis for admissibility. *See, e.g.*, *Alfano v. Costello*, 294 F. 3d 365, 373 (2d Cir. 2002) (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997) (there must be a specific basis for imputing the objectionable conduct to the employer). Knowledge of purported hostile conduct by employees of a third party cannot be imputed to the Hospital through evidence of the mere occurrence of the purported third party harassing acts themselves. *See Alfano*, 294 F.3d at 373-74 (plaintiff alleging that her employer violated Title VII by creating a hostile work environment must show "that a specific basis exists for imputing the objectionable

2

conduct to the employer") (citation omitted); *Kotcher v. Rosa and Sullivan Appliance Ctr., Inc.*, 957 F.2d 59, 63 (2d Cir. 1992) (plaintiff "must establish that the conduct which created the hostile situation should be imputed to the employer") (citation omitted).   Rather, the Second Circuit has limited the duty of an employer to take corrective action to the time period following actual notice of third party harassment: "Though we need not decide the precise contours of the duty, if any, that the employers owe to employees who are subjected to harassment by outsiders such as customers, such a duty can be no greater than that owed with respect to co-worker harassment." *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 766 (2d Cir. 1998) ("When a 'co-employee' - as distinct from a supervisor - is alleged to have engaged in harassing activity, the 'employer will generally not be liable unless the employer either provided no reasonable avenue of complaint or knew of the harassment but did nothing about it.'") (citation omitted).[1] Thus, a plaintiff must establish that the employer (here, the Hospital) "either provided no reasonable avenue of complaint or knew of the [third party] harassment but did nothing about it.'" *Id.*, 159 F.3d at 766 (citation omitted).[2]

---

[1] *See also Flower v. Mayfair Joint Venture*, No. 95 Civ. 1744, 2000 WL 272187 at *9 (S.D.N.Y. Mar. 13, 2000) (Batts, J.) ("[I]t is not yet clear in the Second Circuit whether an employer owes a duty to employees subjected to harassment by non-employees. . . . [S]hould the duty in fact exist, it would be no greater than the duty owed in the co-worker harassment cases" which means that an "'employer will generally not be liable unless the employer either provided no reasonable avenue of complaint or knew of the harassment but did nothing about it.'") (citation omitted); *Selmanovic v. NYSE Group, Inc.*, No. 06 Civ. 3046, 2007 WL 4563431, at *4 n.2 (S.D.N.Y. 2007) (Batts, J.) ("Where the alleged harasser is not an employee or a supervisor, as in the instant case, the Second Circuit has opined that the employer may have nevertheless have a duty to take action, but that such a duty 'can be no greater than that owed with respect to co-worker harassment.'" (citing *Quinn*, 159 F.3d at 766)).

[2] Plaintiff's first and only complaint to the Hospital of the purported discriminatory and harassing acts of the third party physician and staff was made on November 3, 2004.  The Hospital immediately investigated Plaintiff's November 3, 2004 complaint.  The third party physician and staff denied any harassing or discriminatory acts. Since the Hospital took appropriate action by investigating Plaintiff's complaints in good faith, its finding them to be unsubstantiated based on the denials of the third parties involved does not create a liability here. *See Snell v. Suffolk County*, 782 F.2d 1094, 1104 (2d Cir. 1986) (an employer put on notice of harassment has a "good faith" duty to take "reasonable" and "feasible" steps to eliminate it); *Ozemebhoya v. Edison Parking Corp.*, No. 02-CV-10057, 2007 WL 2593008, at *7 (S.D.N.Y. Sept. 7, 2007) ("An employer may sustain its employment decision without showing that the information on which it relied in its investigation was correct, but only that it reasonably

In contravention of these well-established legal standards, Plaintiff hopes to impose liability on the Hospital for the commission of purported harassing third party acts themselves, rather than for the Hospital's corrective actions following notice of her complaint as to third party conduct. (The Plaintiff does not contest the adequacy of the Hospital's corrective actions.) *See Swenson v. Potter*, 271 F.3d 1184, 1191–92 (9th Cir. 2001) ("Title VII liability is direct, not derivative: An employer is responsible for its own actions or omissions, not for the coworker's harassing conduct."); *Jensen v. Henderson*, 315 F.3d 854, 861 (8th Cir. 2002) ("The matter alleged to be discriminatory is the adequacy of the [employer]'s response, not [plaintiff]'s co-worker's underlying behavior.").

Evidence having the singular purpose of proving the truth of the purported underlying third party discrimination is, moreover, presumptively irrelevant to Plaintiff's retaliation claims. *See Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 209 (2d Cir. 1990) (plaintiff in Title VII retaliation case "need not prove the merit of his underlying discrimination complaint ..."); *Schiano v. Quality Payroll Sys., Inc.*, 445 F.3d 597, 609 (2d Cir. 2006) ("The relevant inquiry for [plaintiff's] retaliation claim must focus on the retaliation she suffered for complaining about the harassment, not on the initial harassment itself.").

This Court should preclude any testimony by Plaintiff concerning purported co-worker harassment prior to her November 3, 2004 complaint to the Hospital putting it on notice that she was complaining of the purported third party conduct. *See Quinn*, 159 F.3d at 766 ("When a 'co-employee'-as distinct from a supervisor-is alleged to have engaged in harassing activity, the 'employer will generally not be liable unless the employer either provided no reasonable avenue

---

relied on such information.") (citations omitted). In addition, any contention that the Hospital's November 2004 investigation was discriminatory or retaliatory is time barred (as discussed more fully below).

of complaint or knew of the harassment but did nothing about it.'") (citation omitted). Since Plaintiff's first and only complaint of discrimination to the Hospital was made on November 3, 2004, asserting age and national origin discrimination by the third party physician and other staff, none of whom were employed by the Hospital, all other alleged earlier acts of third-party discrimination and harassment are irrelevant. *See, e.g., Swenson*, 271 F.3d at 1191–92 (employer cannot be held liable for its own actions or inactions in connection with co-worker harassment prior to employee complaint); s*ee also* Fed. R. Evid. 402.[3]

As to purported subsequent complaints, Defendant contests Plaintiff's assertion that she wrote multiple letters to the Hospital's Human Resources department after her November 3, 2004 complaints of discrimination. (Plaintiff's Affidavit ¶ 13; Plaintiff Exhs. 12, 15). Her purported December 20, 2004 letter (Plaintiff's Exh. 12) is not addressed to the Hospital, but rather was purportedly sent to a third party physician employed by the non-party College. Her purported January 6, 2005 letter (Plaintiff's Exh. 15) was not addressed to the Hospital and the addressee name has been obliterated by the Plaintiff.[4] Neither purported complaint is contained in Defendant's records, demonstrating that the Hospital never received them. Since there is no record evidence that either of these purported complaints ever came to the Hospital's attention, knowledge of the purported discriminatory acts contained therein cannot be permissibly imputed to the Hospital and all such evidence should be precluded as lacking foundation, irrelevant

[3] There is also no basis to infer subsequent retaliation since there lacks any temporal proximity between her November 3, 2004 complaints to the Hospital and her May 18, 2005 termination. See *Murray v. Visiting Nurse Servs. of N.Y.*, 528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007) (collecting cases) ("[D]istrict courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation.") (citations omitted); *see also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (holding that twenty-month period "suggests, by itself, no causality at all" and citing non-Second Circuit decisions, which found three and four months periods insufficient, for the proposition that "[t]he cases that accept mere temporal proximity ... as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close'") (citation omitted).

[4] Defendant contests admissibility under Rules 1001-1003 in the absence of the unaltered original.

and/or unduly prejudicial.  *See Swenson*, 271 F.3d at 1191–92 (employer cannot be held liable for its own actions or inactions in connection with co-worker harassment prior to employee complaint).

All purported statements made by employees of non-party Cornell Medical College to others, including Plaintiff, are hearsay in the purest sense -- out-of-court statements offered for the truth of the matter asserted.  Rule 802 bars the admission of such statements since none of the exceptions to the hearsay rule are satisfied.  The anticipated testimony of Plaintiff as to certain purported statements made by the third party physician, including his purported unhappiness with her complaints expressed at meetings, which she admittedly was not present at and did not hear, is also pure hearsay, utterly lacks foundation and is properly excluded.[5]

**B.      Plaintiff's ADEA and Title VII Claims Are Time Barred as to Discrete Acts Prior to February 10, 2005 And Evidence Concerning These Time Barred Events Is Properly Excluded.**

Other than her claims challenging her May 18, 2005 termination, all of Plaintiff's allegations under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act of 1967 (the "ADEA") and the Administrative Code of the City of New York, § 8-107 et seq. ("NYCHRL") are time barred as not timely raised before the Equal Employment Opportunity Commission and commenced beyond the NYCHRL's three year statute of limitations.  Since time barred acts are not probative of her termination claims, or will likely lead to jury confusion between actionable and non-actionable conduct or be unduly prejudicial, they are properly excluded from evidence.

---

[5] Plaintiff's Deposition ("Pl. Dep.") 76-77; 98: 10-14 ("He [Hale] told me about how Dr. Milsom is so unhappy with me. So I said, why is he so unhappy? He said, because you are making a lot of papers to Human Resources."); *see also* Pl. Dep. 70:17-71:12)

The statute of limitations for claims for alleged discriminatory and/or retaliatory treatment arising from termination actions, and other discrete events, are not permissibly subject to a continuing violation theory, but rather must, as a matter of law, be analyzed separately as to each and every individual act to determine timeliness. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-114 (2002). The mere existence of a relationship between discrete personnel actions does not extend the statute of limitations. Rather, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 102, 113; *see also Vergara v. Bentsen*, 868 F. Supp. 581, 590-91 (S.D.N.Y. 1994) (rejecting the proposition that the continuing violation doctrine applies to a discriminatory policy targeting an individual employee rather than a particular group).[6]

Plaintiff filed her charge with the EEOC on December 7, 2005. Therefore, all federal claims involving discrete acts occurring prior to the 300-day limitations period, *i.e.*, prior to February 10, 2005, are time barred. The only purported discrete discriminatory and/or retaliatory event that is not time barred is the May 18, 2005 termination of Plaintiff's employment by the Hospital. *See Patterson v. County of Oneida, N.Y.*, 375 F. 3d 206, 220 (2d Cir. 2004) (the mere fact that an employee was terminated within the limitations period cannot be used "'to pull in [a] time barred discriminatory act'") (quoting *Morgan*, 536 U.S. at 113). The following claims for purported discriminatory and/or retaliatory treatment should be dismissed:

- Plaintiff's claims that she was denied an out of department transfer to a full-time position in February and June 2004 (with purported loss of increased pay) are time barred since the denials occurred outside the 300-day limitations period. *See Morgan*,

---

[6] The continuing violation doctrine is disfavored in this Circuit. *See Lloyd v. WABC-TV*, 879 F. Supp. 394, 399 (S.D.N.Y. 1995).

536 U.S. at 114 ("[d]iscrete acts, such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify"); *Milani v. International Bus. Machs., Corp.,* 322 F. Supp. 2d, 434, 452 (S.D.N.Y. 2004) (denial of preferred job assignment is a discrete act), *aff'd,* 137 F. App'x 430 (2d Cir. 2005).

- Plaintiff's claim that her April 5, 2004 negative performance evaluation was discriminatory and/or retaliatory is time barred. *See Valtchev v. City of N.Y.,* 400 F. App'x 586, 589 (2d Cir. 2010) (negative performance evaluation is a discrete act); *Bermudez v. City of New York,* ___ F. Supp. 2d ___, 2011 WL 1218406, at *34 (S.D.N.Y. Mar. 25, 2011) (a negative performance evaluation is the "quintessential example of a discrete act").[7]

- Plaintiff's claim that she suffered a discriminatory and/or retaliatory evaluation of her work performance by letter dated April 28, 2004 written by a non-employee of the Hospital who is not a defendant in this lawsuit, a physician employed by the College who saw patients in the Colorectal Clinic, is time barred. *See, e.g., Bermudez,* 2011 WL 1218406, at *34.

- Plaintiff's claim concerning the June 10, 2004 denial of her grievance requesting conversion of her part-time schedule to full-time with increased pay is also time-barred. *See Morgan,* 536 U.S. at 113; *Abram v. City of Buffalo,* No. 04-CV-4415, 2011 WL 334297, at *4 (W.D.N.Y. Jan. 28, 2011) (alleged discriminatory schedule change is a time barred discrete act); *see also Graham v. Watertown City Sch. Dist.,*

---

[7] *See also McArdle v. Arms Acres, Inc.,* No 03 Civ. 05721, 2009 WL 755287, at *10 n.11 (S.D.N.Y. Mar. 23, 2009) ("[a]s a matter of law, . . . increased . . . criticism, . . . without more, [does] not constitute adverse employment action for purposes of a retaliation claim") (citation omitted); *Lucenti v. Potter,* 432 F. Supp. 2d 347, 364 (S.D.N.Y. 2006) ("[r]eprimands, threats of disciplinary action, and excessive scrutiny do not constitute adverse employment actions") (citations omitted); *Gordon v. N.Y. City Bd. of Educ.,* No. 01 Civ. 9265, 2003 WL 169800, at *6 (S.D.N.Y. Jan. 23, 2003) ("negative evaluations alone, without any accompanying adverse consequences ... do not constitute adverse employment actions") (citations omitted).

No. 7:10-CV-756, 2011 WL 1344149, at *7 (N.D.N.Y. Apr. 8, 2011) (dismissing time barred request for a transfer to a full-time position as an easily identifiable discrete act).

- Plaintiff's challenges to a September 21, 2004 disciplinary warning, a January 4, 2005 Performance Improvement Plan, and a January 19, 2005 disciplinary memo are time barred, as is her claim regarding the January 4, 2005 suspension because each act of discriminatory and/or retaliatory discipline occurred outside the statute of limitations. *Germany v. N.Y.S. D.O.C.S.*, No. 03 Civ. 148, 2003 WL 22203724 (S.D.N.Y. Sept. 22, 2003) (disciplinary action is a discrete discriminatory event).[8]

Plaintiff's challenges to these stale discrete and non-actionable personnel actions should be excluded under Rule 402 since such evidence is entirely lacking in relevance to her only timely claims related to her May 2005 termination when she was separated by the Hospital after the non-party College advised that it was ceasing providing funding to the Hospital for the position. Pre-statute of limitations evidence is presumptively inadmissible, so as not to confuse the jury between actionable and non-actionable conduct. *Franklin v. Consolidated Edison Co. of N. Y., Inc.*, No. 98 Civ. 2286, 2000 WL 1863767 (S.D.N.Y. Dec. 19, 2000), *aff'd*, 37 F. App'x 12 (2d Cir. 2002). Evidence related to these time barred discrete personnel decisions lacks any probative value and is likely to confuse the jury as to consideration of her claims as to her termination resulting from the non-party College's advising the Hospital that it was cutting the funding for the position in the College's Clinic. *See* Fed. R. Evid. 403; *Wingfield v. United Techs. Corp.*, 678 F. Supp. 973, 983 (D. Conn. 1988) (evidence of time-barred acts is not

---

[8] *See Joseph v. Leavitt*, 465 F.3d 87, 91 (2d Cir. 2006) ("an employee does not suffer a materially adverse change in the terms and conditions of employment where the employer merely enforces its preexisting disciplinary policies in a reasonable manner"); *Polanco v. 34th Street P'ship, Inc.*, 724 F. Supp. 2d 420, 426 (S.D.N.Y. 2010) (holding that neither a written warning with no discernable employment consequences nor a single day of suspension amounts to a materially adverse employment action).

admissible unless it makes the existence of discrimination as to acts within the limitations period more probable and should not be received where it would likely confuse the jury, unfairly prejudice the defendant or unduly delay the trial).[9]

### C.   Plaintiff's Title VII Hostile Work Environment Claims For Purported National Origin Harassment Are Also Time Barred And All Evidence Concerning Such Purported Stale Harassment Is Properly Excluded.

Plaintiff's hostile work environment claims based on national origin are also time barred since no act of national origin harassment is alleged to have occurred within the 300-day limitations period. *See Morgan*, 536 U.S. at 113-114; *Patterson*, 375 F.3d at 220 ("[t]o bring a claim within the continuing violation exception, a plaintiff must at the very least allege that one act of discrimination in furtherance of the ongoing policy occurred within the limitations period"). Plaintiff has designated no witnesses of hostile environment other than herself. The most recent alleged act of hostility based on national origin purportedly occurred in January 2005 when Plaintiff says two non-Hospital employees told Plaintiff that she would be lucky to get out of the Hospital and maybe she will find other Romanian people to work with in different hospitals. (Pl. Dep.: 67:24-72:19, 73:3-6). Even if true, her claims are not sufficient to establish a hostile work environment.[10] *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (plaintiff must prove the "workplace is permeated 'with discriminatory intimidation, ridicule and insult' . .

---

[9] To the extent Plaintiff is permitted to offer background evidence concerning her purported retaliatory termination, and the Court finds sufficient temporal proximity despite the passage of over 6 months since her November 3, 2004 complaint to the Hospital as providing a foundation for her testimony, she should be limited to testifying concerning her sole instance of purported protected activity (*i.e.*, the nature of her November 3, 2004 complaint to the Hospital), rather than offering evidence of the purported third party acts themselves mentioned in the complaint and/or other purported acts as to which she raised no complaint. *See Perez v. Consolidated Edison Corp. of N. Y.*, No. 02 Civ. 2832, 2008 WL 194615 (S.D.N.Y. Jan. 23, 2008).

[10] Plaintiff's remaining allegations of national origin harassment consist of a purported October 4, 2004 event involving a nurse not employed by the Hospital allegedly pushing Plaintiff and stating this Romanian woman needs to go from here as soon as possible and an October 6, 2004 incident where a nurse not employed by the Hospital purportedly berated Plaintiff for speaking on the phone in Romanian, and stating that Romanians are sneaky gypsies. The purported October 4, 2004 pushing incident is nowhere mentioned in Plaintiff's November 3, 2004 complaint.

. that is 'sufficiently severe or pervasive to alter the conditions of [plaintiff's] employment'") (citations omitted).  In any event, her claims of a hostile work environment based on national origin should be dismissed as untimely.

Proof of this alleged time-barred third party harassment related to her national origin is also lacking in probative value as it pertains to her termination claims.  Since Plaintiff never complained to the Hospital concerning the purported January 2005 national origin harassment, it is irrelevant to her retaliation claims.  In addition, evidence of purported third party harassment does not make it any more likely that she was terminated for discriminatory or retaliatory reasons by the Hospital.  None of the purported harassers were involved in the Hospital's termination action, which was a result of the College advising that it was ceasing funding for the position.  Thus, all such proof should be excluded.

**D.    Plaintiff's ADEA Hostile Work Environment Claims For Purported Age Harassment Are Also Time Barred and/or Legally Insufficient.**

While Plaintiff asserts a single age related incident occurred in February 2005 by a non-Hospital employee within the limitations period, it is legally insufficient.  There are no alleged purported age-based comments by a Hospital employee to satisfy either the timeliness or severe and pervasive requirements. *See Harris*, 510 U.S. at 21; *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998) ("'stray remarks'" alone do not support a discrimination suit"); *Campbell v. Alliance Nat'l Inc.*, 107 F. Supp. 2d 234, 247 (S.D.N.Y. 2000) ("'Stray remarks by non-decision-makers or by decision-makers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of the decision.'") (quoting *Ezold v. Wolf, Block, Schorr and Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992)).

Here, Plaintiff merely alleges that in 2005 one of the nurses she worked with (not a Hospital employee) stated that a person of her age stays at home and retires. (Pl. Dep. 72:12-74:15). The only other instance of claimed age harassment is a similar comment by the same non-Hospital employee nurse made sometime prior to November 2004, and a contention that the nurse looked up Plaintiff's age on the College's computer. *Id; see also* P0058-59.

These purported isolated and innocuous age based comments are collectively insufficient to rise to demonstrate bias by the Hospital or actionable harassment. *See, e.g.*, *Kotcher*, 957 F.2d at 62 (isolated acts or occasional episodes will not merit relief); *Sekyere v. City of N.Y.*, No. 05 Civ. 7192, 2009 WL 773311 (S.D.N.Y. Mar. 18, 2009) (holding that upper level supervisor's singular comment that plaintiff should retire due to her old age and co-workers' comments asking plaintiff when she would retire are insufficient to create hostile work environment); *Chau-Kun Shih v. City of N.Y.*, No. 03 Civ. 8279 (LAP), 2006 WL 2789986, at *1 (S.D.N.Y. Sept. 28, 2006) (holding that direct supervisor asking plaintiff when she was going to retire and "you don't need money at this age, so why do you stay here?" are insufficient to create hostile work environment). Indeed, Plaintiff does not allege that any of her Hospital supervisors or human resources personnel or the College physician ever harassed her based on her age, or, in fact, ever mentioned her age to her. (Pl. Dep. 138:24-139:6; 140:13-141:7). Thus, Plaintiff's claims of a hostile age based work environment premised only on two age related comments made months apart are neither legally sufficient nor timely. *See, e.g., McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 76 (2d Cir. 2010) (post-limitations comment referring to females as

"chickies" held too trivial to contribute to hostile work environment to make filing timely as to earlier purported harassment).[11]

As with the other time-barred acts, all of this evidence should be precluded as irrelevant to her termination claims, or unduly prejudicial, especially since all of the purported conduct was alleged to have been committed by third parties.

### E.   Plaintiff's NYCHRL Claims Are Time Barred In Their Entirety.

Plaintiff filed the instant action on December 10, 2008.  All claims under the New York City Human Rights Law ("NYCHRL") arising before December 10, 2005 are time barred under the NYCHRL's three-year statute of limitations.  Since Plaintiff's employment was terminated on May 8, 2005, her NYCHRL claim regarding the termination of her employment is time barred.  Plaintiff never filed a charge with the New York City Commission of Human Rights ("New York City Commission").  Plaintiff, who was represented by counsel, makes no mention of the NYCHRL in her charge.  Plaintiff requested that her EEOC charge be cross-filed with the New York State Division of Human Rights (thereby omitting any request for her charge to be cross-filed with the New York City Commission).[12]  Plaintiff's NYCHRL claims should be dismissed as time barred.  *See Yaohua Deng v. Aramarak Educ. Group, Inc.*, No. 04-5670-cv, 2006 WL 1049073 (2d Cir. Apr. 19, 2006) (district court properly concluded that the statute of

---

[11] Plaintiff may not permissibly aggregate her age and national origin hostile work environment claims since each of them standing alone is patently inadequate to meet the standard for liability.  *See Weiss v. Hustedt Chevrolet*, No. Civ. A. 05-4230, 2009 WL 2132444, at *8 (E.D.N.Y. July 13, 2009) ("While in close cases evidence of one type of harassment may arguably be used to sustain a claim of another type of harassment, such aggregation is inappropriate where, as here, the claim sought to be buttressed is patently inadequate. Which is to say, aggregation may be appropriate to nudge, but not catapult, a claim across the line between merely offensive conduct and conduct sufficient to establish a hostile work environment."); *Oncale v. Sundowner Offshore Servs. Inc.*, 523 U.S. 75, 81 (1998) (Title VII does not create a "general civility code").

[12] There is no evidence that the EEOC ever cross-filed Plaintiff's charge with the New York City Commission (or even with the SDHR).  *See Kearney v. ABN Amro, Inc.*, No. 04 Civ. 06885, 2006 WL 2354819, at *6 (S.D.N.Y. Aug. 10, 2006) (holding that Plaintiff may not pursue her state and city law claims absent evidence that the EEOC actually filed the charge with the SDHR or the New York City Commission).

limitations for the state and local law claims should not be tolled even though plaintiff had filed a

charge with the EEOC, since he filed no claim with the Suffolk County Human Rights

Commission and then waited nearly two years to file his EEOC complaint).

**F.      Any Recovery of Front/Back Pay is Cut Off As Of June 1, 2006**
**When Plaintiff Admitted That She Was Totally Disabled And Any**
**Evidence Of Purported Lost Pay Thereafter Should Be Excluded.**

Any recovery of front and back pay cannot include a period in which the Plaintiff was

unable to work. *Thornley v. Penton Publ'g Inc.*, 104 F.3d 26, 31 (2d Cir. 1997) (the remedy in a

discriminatory discharge case is intended to compensate a plaintiff only for "'losses suffered as a

result of defendant['s] discrimination,' and does not extend to granting back pay for a period

when a plaintiff would have been unable, due to an intervening disability to continue

employment); (citation omitted); *see also Schlant v. Victor Belata Belting Co.,* No. 94-CV-

0915E, 2000 WL 1737945 (W.D.N.Y. Nov. 9, 2000); *Hatter v. Fulton*, No. 92 Civ. 6065, 1997

WL 411623, at *6 (S.D.N.Y. July 21, 1997), *aff'd*, 165 F.3d 14 (2d Cir. 1998). Here, since

Plaintiff acknowledged in her application to the Social Security Administration that she was

totally permanently disabled as a result of longstanding medical conditions that pre-dated any

allegations of unlawful conduct, any front and back pay award is cut off as of June 1, 2006, and,

therefore, any evidence of economic loss thereafter is irrelevant and should be excluded.  On

September 1, 2007, the Social Security Administration determined that Plaintiff was totally

permanently disabled.  Since front and back pay, moreover, are for the Court to decide, the jury

should not hear any evidence concerning purported economic damages related to pay loss.

**G.** **Plaintiff is Not Entitled To A Jury Determination Of Front and Back Pay And Any Purported Evidence Of Lost Pay Should Be Excluded From The Jury.**

It is well settled that claims of unlawful discrimination under federal discrimination laws seeking back pay and front pay in federal court are equitable in nature and do not confer on the plaintiff a Seventh Amendment right to a jury trial. *See Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005).

There is also no right to a jury trial to determine an award of front and back pay under the New York City Human Rights Law. *Thomas v. iStar Fin., Inc.*, 629 F.3d 276 (2d Cir. 2010); *Browne Sanders v. Madison Square Garden, L.P.*, No. 06 Civ. 589 (S.D.N.Y. Sept. 4, 2007); *Roberta C. Tse v. UBS Fin. Servs. Inc.*, 568 F. Supp. 2d 274, 296 (S.D.N.Y. 2008).

Thus, no purported proof of lost pay should be presented at trial for the jury's consideration.

**H.** **Plaintiff Should Be Precluded From Introducing The EEOC's Determination Letters.**

On September 3 and 30, 2008, the EEOC issued boilerplate determinations that reasonable cause exists that Defendant violated federal law. Fed. R. Evid. 803(8)(C) provides an exception to the hearsay rule for government reports. In order for a government report to qualify as an exception, "the evidence must (1) contain factual findings, and (2) be based upon an investigation made pursuant to legal authority." *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 143 (2d Cir. 2000); *see also U.S. v. Jacques Dessange, Inc.*, No. 52 99 CR 1182DLC, 2000 WL 294845, at *3 (S.D.N.Y. Mar. 21, 2000) (decision of Immigration Judge was excluded because it did not contain reliable factual findings). Moreover, the factual findings cannot be summarized statements without reference to specific evidence upon which a conclusion has been drawn. *See*

15

*Ariza v. City of N.Y.*, 139 F.3d 132, 134 (2d Cir. 1998) (report of police Internal Affairs Bureau was properly excluded because it did not contain factual findings, instead it contained summaries of discussions and general recommendations); *Barlow v. State of Conn.*, 319 F. Supp. 2d 250, 258 (D. Conn. 2004), *aff'd*, 148 F. App'x 31 (2d Cir. 2005) (report of Connecticut Commission on Human Rights was excluded because the report was based on plaintiff's statements); *Bailey v. South Carolina Dep't of Soc. Servs*, 851 F. Supp. 219, 221 (D.S.C. 1993) (stating that where EEOC report merely repeats facts plaintiff himself alleges elsewhere, then makes conclusory statements as to those facts, report has no probative value) (quoting *Goldberg v. B. Green and Co.*, 836 F.2d 845, 848 (4th Cir. 1988)); *Cortes v. Maxus Exploration Co.*, 758 F. Supp. 1182, 1184 (S.D. Tex. 1991), *aff'd*, 977 F.2d 195 (5th Cir. 1992) (EEOC determination "clearly non-probative" where report was highly conclusory and EEOC investigation was deficient).

The EEOC's determination of probable cause here fails to meet the requirements for admissibility under Fed. R. Evid. 803(8)(C) since it is utterly devoid of any factual findings. The EEOC failed to identify or even summarize any evidence that it relied upon in making its conclusory statement that reasonable cause for a violation existed. The EEOC's determination also contains the following fundamental factual errors concerning the parties' assertions: stating that Plaintiff's requested transfer occurred in August 2004 (when in fact the transfer occurred in August 2003) and referring to the Colorectal Clinic as the Hospital's Clinic (when in fact the Clinic was operated by non-party Cornell Medical College). Therefore, the determinations should be excluded because they do not qualify for the hearsay exception under Fed. R. Evid. 803(8)(C). *See Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60, 64-65 (2d Cir. 1998) (referring to district court's obligation to exclude from evidence untrustworthy reports).

Even if the EEOC's determination satisfied the hearsay exception for government reports under Fed. R. Evid. 803(8)(C), its admission here would be overly prejudicial and unduly confusing since it merely restates the parties' assertions and concludes that there is reasonable cause to believe that the allegations made by Plaintiff are "substantially true." Defendant's challenge at trial to Plaintiff's assertion, credited by the EEOC without any factual basis, that she wrote a total of six (6) complaint letters to the Hospital between April 2004 and December 2004, will be unduly prejudiced by the EEOC's determination. Plaintiff's trial exhibit list, furthermore, belies her contention since there is utterly lacking any identification of six (6) complaint letters to the Hospital.[13] A jury nevertheless will likely credit the EEOC's flawed conclusion made without any indication of any factual findings on which it was based. In addition, there is a substantial danger of confusion and undue prejudice since the determination refers to probable cause to believe that alleged sex discrimination occurred when sex discrimination is not even alleged in this lawsuit. Any probative value is, therefore, substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. *See* Fed. R. Evid. 403.

I.     **Plaintiff's 2000-2003 Performance Evaluations Are Irrelevant, Or Would Cause Jury Confusion and Be Unduly Prejudicial.**

Plaintiff's performance evaluations for 2000 through April 2003 are irrelevant and should be excluded.[14] Plaintiff's past performance is not probative of her performance following her requested transfer to the part-time nurse technician's position in the Colorectal Clinic in August 2003. In the Colorectal Clinic, operated by the College, she was subject to new supervision and had new demands and duties, and, there is no relevance whatsoever of her past performance

---

[13] The only written complaints to the Hospital are Plaintiff's April 21, 2004 grievance (which did not mention discrimination) and her November 3, 2004 complaint.

[14] *See* Plaintiff's Exhs. 21-23.

rankings. These earlier reviews wholly lack probative value as to her termination claims since the Hospital's decision was the result of the non-party College advising it that it would no longer provide funding for the position. In addition, receipt of the reviews would be confusing and unduly prejudicial since the jury will likely confuse issues concerning Plaintiff's pre-August 2003 performance with the relevant facts and timely claims, which involve the Hospital's corrective actions and a termination decision that resulted from notice provided to the Hospital by the non-party College that future funding for the position would be lacking.

### J. Plaintiff Should Be Precluded From Introducing Evidence Since She Has Failed To Produce Documents.

Plaintiff's purported proof for asserted damages for out of pocket insurance costs should be excluded since she has failed to produce any supporting documents whatsoever. *See Bonura v. Chase Manhattan Bank, N.A.*, 629 F. Supp. 353, 361 (S.D.N.Y.1986) (denying plaintiff reimbursement for out-of-pocket medical expenses he claimed would have been reimbursable under the defendant employer's health plan where plaintiff produced no documentation for the expenses he said he incurred); *Mugavero v. Arms Acres, Inc.*, 680 F. Supp. 2d, 544, 582 (S.D.N.Y. 2010) (holding there lacked a reasonable basis for fringe benefit award where plaintiff failed to submit receipts, bills or any other reliable evidence demonstrating that she spent anywhere close to $46,000 on medical, dental, life insurance, or other benefits she may have previously received from employer); *see also Sir Speedy, Inc. v. L & P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir. 1992) ("a claimant must present evidence that provides the finder of fact with a reasonable basis upon which to calculate the amount of damages. [S]he need not prove the amount of loss with mathematical precision; but the jury is not allowed to base its award on speculation or guesswork.").

## IV. CONCLUSION

For all of the above reasons, the Hospital requests that Plaintiff's purported proof be excluded in substantial respect, so that only admissible proof relevant to her timely claims concerning her termination are received into evidence.

Dated: New York, New York
      September 26, 2011

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By:    s/James S. Frank
        James S. Frank
        Brian G. Cesaratto
250 Park Avenue
New York, New York  10177-1211
(212) 351-4500
*Attorneys for Defendant*
*New York Presbyterian Hospital*