UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARIANA PREDA,

                         Plaintiff,

                 - against -

THE NEW YORK AND PRESBYTERIAN HOSPITAL,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. 08 CV 10724 (SC)

ECF CASE
**JOINT JURY
INSTRUCTIONS**

The parties hereby submit proposed joint jury instructions. Both parties respectfully

request leave to submit revised or additional requests based upon the evidence actually adduced

at trial.

Dated: New York, New York
       September 29, 2011

MATTHEW J. BLIT
RUSSELL MORIARTY
Levine & Blit, PLLC
*Attorneys for Plaintiff*
Empire State Building
350 Fifth Ave., Suite 3601
New York, NY 10118
Phone: (212) 967-3000
Fax:   (212) 967-3010

By:   s/Matthew J. Blit
       Matthew J. Blit, Esq.
       Levine & Blit, PLLC

James S. Frank, Esq.
Brian G. Cesaratto, Esq.
Epstein, Becker & Green PC
*Attorneys for Defendant*
250 Park Avenue
New York, NY 10177-1211
Tel:   (212) 351-4500
Fax:   (212) 661-0989

By:   s/James S. Frank
       James S. Frank
       Epstein Becker & Green PC

# TABLE OF CONTENTS

**GENERAL INSTRUCTIONS**

Page

Introduction...................................................................................1

Impartiality....................................................................................2

Jury Function .................................................................................3

Court's Function ............................................................................5

**INSTRUCTIONS ON CLAIMS AND DEFENSES**

Plaintiff's Claims ..........................................................................7

Burden of Proof – Preponderance Of the Evidence........................9

No Inference of Discrimination – Plaintiff's National Origin, Age ..................................11

Evidence of Discrimination – Consideration of Remarks .................................12

Statements by Non-Decision Makers and Statements Unrelated To
The Challenged Actions................................................................14

Employer's Business Judgment ....................................................15

No Inference of Discrimination – Friendship or Favoritism ...........................................16

The Causes of Action At Issue In This Case ................................17

National Origin Claims Under Title VII/NYCHRL ........................................18

National Origin Claims Under Title VII/NYCHRL – Plaintiff's
Burden of Proof............................................................................20

"Adverse Action" Requirement ...................................................23

Age Claims Under the NYCHRL .................................................24

Age Claims Under the NYCHRL- Plaintiff's Burden of Proof........................................25

Age Claims Under the ADEA – "But For" Requirement.................................................28

Page

ADEA –Willfulness.................................................................................................29

Title VII/ADEA Hostile Work Environment Claims – Prima Facie Case ........................31

Title VII/ADEA Hostile Work Environment Claims –
"Severe and Pervasive" Requirement .......................................................................33

Title VII/ADEA Hostile Work Environment Claims–"Objective and Subjective"
Requirement ........................................................................................................35

Title VII/ADEA/NYCHRL Hostile Work Environment Claims–
"Basis For Imputation" Requirement........................................................................36

NYCHRL Hostile Work Environment Claims -"Treated Less Well"
Requirement/Liability for Supervisor Acts................................................................39

Retaliation Claim – Plaintiff's Ultimate Burden Of Proof .............................................40

Retaliation – Plaintiff's Burden of Proof....................................................................41

Retaliation – "Protected Activity" ............................................................................43

Retaliation Claims Under The NYCHRL - "Reasonably Likely"
To Deter A Person From Protected Activity Standard ...................................................45

Insufficiency of Subjective Beliefs............................................................................46

Employment At Will...............................................................................................47

**DAMAGES INSTRUCTION**

Damages Generally................................................................................................48

Damages Must Be Reasonable and Not Speculative .....................................................49

Damages Based on Evidence – All Claims..................................................................50

Duplicative Damages .............................................................................................51

Back Pay .............................................................................................................55

Front Pay.............................................................................................................54

Total Disability ....................................................................................................56

**Page**

Mitigation of Damages .................................................................................................57

Punitive Damages ........................................................................................................58

Amount Of Punitive Damages .....................................................................................60

## OTHER INSTRUCTIONS

Witness Credibility .....................................................................................................61

Impeachment/Perjury ..................................................................................................63

Sympathy ....................................................................................................................64

Corporate Parties .........................................................................................................65

## Requested Instruction No. 1
### (Introduction)

Members of the jury, we come now to that portion of the trial where you are instructed on the law applicable to this case and then retire for your final deliberations. You have now heard all the evidence introduced by the parties and through arguments of their attorneys you have learned the conclusions that each party believes should be drawn from the evidence presented to you. This charge is divided into two parts - the first part consists of general principles of law that are applicable to all civil cases; the second part consists of charges directed specifically to the law you must follow in this case.

Proposed Instruction No. 1

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

<u>Requested Instruction No. 2</u>
**(Impartiality)**

You are to perform your duty of finding the facts without bias or prejudice as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. Therefore, do not be guided by anything other than clear thinking and calm analysis of the evidence.

Proposed Instruction No. 2

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

Requested Instruction No. 3
(**Jury Function**)

Your duty is to decide the factual issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. None of what the lawyers have said in their opening statements, in their closing arguments, in their objections or in their questions is evidence. Nor is anything I have said at any time during the trial of this case evidence.

The evidence before you consists of just three [or four] things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, any stipulations of the parties that were received in evidence and, [if applicable], any facts and events which have been judicially noticed. One comment about judicial notice, the Court may take judicial notice of certain facts or events. When the Court declares that it will take judicial notice of some fact or event, you must, unless instructed otherwise, accept the Court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you, therefore, should disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard

3

or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of the attorney for each side to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you not to draw any inferences from my rulings or based on the fact that, on occasion, I asked questions of certain witnesses. My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters. You are to expressly understand that I have no opinion as to the verdict you should render in this case.

Proposed Instruction No. 3

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

4

Requested Instruction No. 4
**(Court's Function)**

Members of the jury, my charge to you on the law is lengthy and covers many points. You must listen closely. We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the closing arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you on the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may or ought to be, it is your sworn duty to follow the law as I give it to you. If any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Nothing I say during these instructions is to be taken as an indication that I have an opinion about the facts of the case, or what that opinion is. Any comments made by me during the trial or during these instructions that may be perceived as an expression of my opinion as to the facts should be disregarded by you. It is not my function to determine the facts, but rather it is your function to do so.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations. In listening to my instructions now and in reviewing them later, you should not single out any particular instruction alone as stating the law, but you should instead consider the instructions as a whole.

Proposed Instruction No. 4

Given_____

Refused_____

Given as modified_____

Withdrawn_____

_____

United States District Court Judge

Requested Instruction No. 5
**(Plaintiff's Claims)**

In this case, Mariana Preda a former employee of the Hospital, asserts claims for employment discrimination on the basis of national origin (Romanian), age and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination In Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Administrative Code of the City of New York § 8-107 *et seq.* (the "NYCHRL").   Specifically, she alleges that she was subject to discriminatory layoff and termination of employment on May 18, 2005 after she was disciplined by the Hospital. Ms. Preda claims there was a hostile work environment related to her national origin and age beginning in 2004 after she was granted a  transfer to a part-time Hospital position and assigned to work in a colorectal Clinic. Ms. Preda also alleges that Defendant retaliated against her after she complained of discriminatory treatment.

Plaintiff, Mariana Preda, seeks compensatory and punitive damages, liquidated damages pursuant to Title VII, ADEA and the NYCHRL.

Defendant denies Plaintiffs allegations.  Defendant claims it treated Plaintiff fairly and without regard to her national origin or age.  In other words, regardless of Plaintiff's national origin and age, her treatment by Defendant would have been no different.  Defendant further claims that the termination of Plaintiff's employment was not retaliatory but for lawful reasons.

Proposed Instruction No. 5

Given_____
Refused_____
Given as Modified_____
Withdrawn_____

_____
United States District Court Judge

Requested Instruction No. 6
**(Burden of Proof- Preponderance of the Evidence)**

Plaintiff has the burden in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence. If Plaintiff should fail to establish any essential element of any of her claims by a preponderance of the evidence, you should find for the Defendant as to that claim. Likewise, if Mariana Preda does establish every essential element of her claims by a preponderance of the evidence, you should find for Ms. Preda as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," of "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the position is more probably true than not.

Proposed Instruction No. 6

Given_____
Refused_____
Given as Modified_____
Withdrawn_____

_____
United States District Court Judge

Requested Instruction No. 7
**(No Inference of Discrimination – Plaintiff's National Origin, Age)**

You may not infer discrimination from the mere fact that Plaintiff is Romanian or because of Plaintiff's age.  Plaintiff must prove that any adverse treatment she received was because of her national origin or age, not because of any other reason, good or bad.

Proposed Instruction No. 7

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

11

Requested Instruction No. 8.
**(Evidence of Discrimination – Consideration of Remarks)**

Mere references to a person's national origin or age or stray remarks about these characteristics are not evidence of national origin or age discrimination. Such questions or statements must be reviewed by you in the context in which they were made.

In determining whether such statements "prove" discrimination, you may consider: (1) who made the remark, *i.e.,* a decision-maker or non-decision-maker, a supervisor, or a low-level employee; (2) when the remark was made in relation to the employment decision in issue; (3) the content of the remark, *i.e.,* whether a reasonable juror could view the remark as discriminatory or retaliatory; and (4) the context in which the remark was made, *i.e.* whether it was related to the decision-making process. You may also consider whether the statements were made about Mariana Preda or directed against Mariana Preda. These are all factors which you may consider in deciding what "weight" or importance you will attach to these statements. Ultimately, it is your decision whether these statements have any significance at all.

Further, I instruct you that isolated, sporadic remarks about a person's national origin, or age – even derogatory remarks or remarks made in poor taste – are not alone enough to sustain Plaintiff's burden of proof in this case to prove that employment actions were taken against her because of her national origin or age.

Proposed Instruction No. 8

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

12

<u>Requested Instruction No. 9.</u>
**(Statements by Non-Decision Makers and
Statements Unrelated to the Challenged Actions)**

Statements of persons who were not the actual decision makers and statements unrelated to any decision affecting Defendant's employment of Plaintiff are insufficient to prove an illegal motivation for the challenged employment actions in this case. Therefore, any evidence presented of statements made by non-decision makers and statements made by a decision-maker which are unrelated to the challenged employment actions may not be considered when deciding if Defendant's conduct was the product of unlawful, intentional discrimination and retaliation.

Proposed Instruction No. 9

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

13

Requested Instruction No. 10.
**(Employer's Business Judgment)**

The law does not authorize the courts or a jury to substitute their judgment for an employer's business decisions. In other words, the law does not permit a Plaintiff to prevail merely because you do not agree with the employer's decision or think the decision was unfair, unjust or a mistake. The question is not whether the employer's methods were sound, or its judgments the best ones or the right ones or the fair ones, or whether you would have done the same thing if you were in the employer's shoes at the time.

The only issue before you is whether Defendant had an unlawful motive in making the decisions about which Plaintiff complains; not whether Defendant made the correct decision. While an employer's judgment may appear wrong to outsiders, the only question you may answer is whether Defendant's given reasons for their actions were a pretext for intentional and unlawful discrimination or retaliation. Thus, the focus of deliberations must be on whether Defendant had an unlawful motive, and not on its business judgment.

Proposed Instruction No.10

Given_____
Refused_____
Given as modified_____
Withdrawn_____


_____
United States District Court Judge

14

<u>Requested Instruction No. 11.</u>
**(No Inference of Discrimination – Friendship or Favoritism)**

Decisions that are the result of friendship or favoritism - not premised on or motivated by

considerations of unlawful discrimination or retaliation - are not unlawful.

Proposed Instruction No. 11

Given_____
Refused_____
Given as modified_____
Withdrawn_____

                                                 _____
                                                 United States District Court Judge

15

Requested Instruction No. 12.
**(The Causes of Action at Issue in this Case)**

I will now explain to you each of the elements that Plaintiff must prove for each of her causes of action.

If you find that for any of the causes of action, each element has been proved by Plaintiff by a preponderance of the evidence against Defendant, your verdict should be for Plaintiff and against the Defendant on that cause of action or causes of action.  On the other hand, if Plaintiff has not carried her burden of proof with respect to any one of the essential elements of a cause of action, your verdict must be for the Defendant on that particular cause of action or causes of action.

Proposed Instruction No. 12

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

<u>Requested Instruction No. 13.</u>
**(National Origin Claims Under Title VII/NYCHRL)**

Plaintiff asserts national origin discrimination claims under Title VII and the New York City Human Rights Law.   These laws make it unlawful for an employer to intentionally discriminate against an employee on the basis of the employee's national origin (here, Romanian).

(1)   National Origin Discrimination Under Title VII

Title VII provides in pertinent part that "[i]t shall be unlawful employment practice for an employer ... to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's ... national origin."

(2)   National Origin Discrimination Under NYCHRL

The NYCHRL provides in pertinent part that "It shall be an unlawful discriminatory practice for an employer. . . because of the actual or perceived . . . national origin . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

To establish her claims of national origin discrimination against Defendant, Plaintiff has the burden of proving by a preponderance of the evidence that New York Presbyterian Hospital had a discriminatory purpose or motive in that its actions were, more likely than not, motivated by Plaintiff's national origin; that is, Plaintiff's national origin must be proved to have been a motivating factor in the employment actions of Defendant claimed to have been discriminatory.

17

Proposed Instruction No. 13

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

Requested Instruction No. 14.
**(National Origin Claims Under Title VII and NYCHRL
– Plaintiff's Burden of Proof)**

To establish a claim of national origin discrimination against Defendant under Title VII and the NYCHRL, Plaintiff has the burden to prove by a preponderance of the evidence that her national origin actually motivated the employer's decisions. Mariana Preda's protected status was a motivating factor if you conclude that it made a difference in The New York Presbyterian Hospital's decisions, even though other factors may have also influenced those decisions.

To establish a claim of discrimination under these statutes due to Plaintiff's national origin, Plaintiff has to prove by a preponderance of the evidence each of the following elements: (1) that she was in a protected group (here, that she was Romanian); (2) that she satisfactorily performed the duties of her nurse technician position; (3) that she suffered an adverse employment action; and (4) under circumstances giving rise to an inference of discrimination based on Plaintiff's membership in the protected class.

If you find that Plaintiff has failed to prove any of these essential elements with regard to her national origin discrimination claim, then you do not need to deliberate any further on that claim against The New York Presbyterian Hospital. You must return a verdict in favor of The Hospital on her claims of discriminatory treatment based on national origin.

If, however, you find that all four of the applicable elements have been proved by a preponderance of the evidence with respect to Ms. Preda's claim, the burden then shifts to the Hospital to provide a legitimate, non-discriminatory reason for its actions. You must then consider the explanations offered by The New York Presbyterian Hospital for its actions. That is, you must consider whether The New York Presbyterian Hospital has presented any legitimate non-discriminatory reasons for its decision with respect to that claim. The New York

19

Presbyterian Hospital must only come forward with a legitimate, non-discriminatory reason; it does not have to convince you that its reasons are true and good. The law entitles The New York Presbyterian Hospital to manage its workforce in any way it deems appropriate, as long as its decision was not motivated by Plaintiff's national origin. The New York Presbyterian Hospital does not have to prove – and it is not up to you to decide – whether The Hospital made the "right" decision in this case. Thus, it is not up to you to decide whether The Hospital treated Plaintiff fairly or unfairly. The sole issue is whether The Hospital has come forward with some non-discriminatory reason for its employment decisions concerning the Plaintiff.

In proving her discrimination claim following New York Presbyterian Hospital's evidence explaining its legitimate non-retaliatory reasons for Plaintiff's treatment, the burden shifts back to the Plaintiff to prove that a discriminatory motive, more likely than not, motivated New York Presbyterian Hospital's decisions or by proving both that the reason given by New York Presbyterian Hospital for her treatment is false and an unlawful motive was the actual reason for her treatment.

If you find that Plaintiff has not persuaded you of this with respect to any of Plaintiff's claims for national origin discrimination, you need not deliberate any further concerning that claim, and you must find in favor of New York Presbyterian Hospital on her national origin claims under Title VII and the NYCHRL. If you find Plaintiff Mariana Preda has persuaded you with respect to her claims for national origin discrimination, you may find in favor of Ms. Preda's claims of national origin discrimination under Title VII and the NYCHRL.

Proposed Instruction No. 14

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

Requested Instruction No. 15.
**("Adverse Action" Requirement)**

Under the law, a materially adverse employment action constitutes a significant change in employment status, for the worse, such as discharge; failing to promote; reassignment with significantly different and lesser responsibilities; a demotion causing a significant reduction in compensation or benefits. Reassignment to a somewhat less convenient or even less desirable job is insufficient; a poor performance review, increased criticism, reprimands, threats of disciplinary action and even a demotion are insufficient without a significant reduction in pay, benefits, duties or prestige. An employment action which merely bruises Plaintiff's ego is not enough.

Proposed Instruction No. 15

Given_____
Refused_____
Given as modified_____
Withdrawn_____


_____
United States District Court Judge

Requested Instruction No. 16.
**(Age Claims Under The NYCHRL)**

Plaintiff asserts age discrimination claims under the New York City Human Rights Law. The NYCHRL makes it unlawful for an employer to intentionally discriminate against an employee on the basis of the employee's age. The NYCHRL provides in pertinent part that "It shall be an unlawful discriminatory practice for an employer. . . because of the actual or perceived age. . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

To establish her age claims against Defendant under the New York City Human Rights Law, Mariana Preda has the burden of proving by a preponderance of the evidence that New York Presbyterian Hospital had a discriminatory purpose or motive in that its actions were, more likely than not, motivated by Plaintiff's age; that is, Plaintiff's age be proved to have been a motivating factor in the employment actions of Defendant claimed to have been discriminatory.

Proposed Instruction No. 16

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

23

Requested Instruction No. 17.
**(Age Claims Under The NYCHRL – Plaintiff's Burden of Proof)**

To establish a claim of age discrimination against Defendant under the NYCHRL, Plaintiff has the burden to prove by a preponderance of the evidence that her age actually motivated the employer's decisions. Ms. Preda's protected status was a motivating factor if you conclude that it made a difference in New York Presbyterian Hospital's decisions, even though other factors may have also influenced those decisions.

To establish a claim of discrimination under the NYCHRL due to Plaintiff's age, Plaintiff has to prove by a preponderance of the evidence each of the following elements: (1) that she was in a protected group; (2) that she satisfactorily performed the duties of her nurse technician position; (3) that she suffered an adverse employment action; and (4) under circumstances giving rise to an inference of discrimination based on Plaintiff's membership in the protected class.

If you find that Plaintiff has failed to prove any of these essential elements with regard to her age discrimination claim, then you do not need to deliberate any further on that claim against New York Presbyterian Hospital. You must return a verdict in favor of Hospital on her claims of discriminatory treatment based on age under the NYCHRL.

If, however, you find that all four of the applicable elements have been proved by a preponderance of the evidence with respect to Plaintiff's claim, the burden then shifts to the Hospital to provide a legitimate, non-discriminatory reason for its actions. You must then consider the explanations offered by New York Presbyterian Hospital for its actions. That is, you must consider whether New York Presbyterian Hospital has presented any legitimate non-discriminatory reasons for its decisions with respect to that claim. New York Presbyterian Hospital must only come forward with a legitimate, non-discriminatory reason; it does not have

to convince you that its reasons are true and good. The law entitles New York Presbyterian Hospital to manage its workforce in any way it deems appropriate, as long as its decision was not motivated by Plaintiff's age. New York Presbyterian Hospital does not have to prove – and it is not up to you to decide – whether the Hospital made the "right" decision in this case. Thus, it is not up to you to decide whether the Hospital treated Plaintiff fairly or unfairly. The sole issue is whether the Hospital has come forward with some non-discriminatory reason for its employment decisions concerning the Plaintiff.

In proving her discrimination claim following New York Presbyterian Hospital's evidence explaining its legitimate non-retaliatory reasons for Plaintiff's treatment, the burden shifts back to the Plaintiff to prove that a discriminatory motive, more likely than not, motivated New York Presbyterian Hospital or by proving both that the reason given by New York Presbyterian Hospital for her treatment is false and an unlawful motive was the actual reason for her treatment.

If you find that Plaintiff has not persuaded you of this with respect to any of Plaintiff's claims for age discrimination, you need not deliberate any further concerning that claim, and you must find in favor of New York Presbyterian Hospital on that claim under the NYCHRL. If you find Plaintiff Mariana Preda has persuaded you with respect to her claims for age discrimination, you may find in favor of Ms. Preda's claims of age discrimination under the NYCHRL.

Proposed Instruction No. 17

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

25

<u>Requested Instruction No. 18.</u>
**(Age Claims Under the ADEA – "But For" Requirement)**

To prevail upon her claim of age discrimination under the ADEA, Plaintiff must establish the following elements:

a.    She was in the age group protected by the statute, i.e. 40 years of age and older;

b.    She was qualified for the position in issue;

c.    She experienced an adverse employment; and

d.    The circumstances of the adverse employment decision give rise to an inference of discrimination.

Plaintiff's age discrimination claim under the ADEA differs from her claims of national origin discrimination, and from her claims of age discrimination under the NYCHRL, because, unlike those claims, it is not sufficient that Plaintiff's age may have been one of several reasons that Defendant took an adverse employment action against her. Under the ADEA, Plaintiff bears the burden of demonstrating by a preponderance of the evidence that her age was the only -- what the law calls the "but for" -- reason for the adverse employment action. In other words, Plaintiff must demonstrate that "but for" her age, the Hospital would not have subjected her to an adverse employment action.

If you find that Plaintiff has failed to prove any of these essential elements with regard to her age claim, then you need not deliberate any further on this age discrimination claim against New York Presbyterian Hospital. You must return a verdict in favor of New York Presbyterian Hospital on her claim under the ADEA.

If, however, you find that all four of the elements have been proven by the preponderance of evidence, you must consider the non-discriminatory explanation offered by New York

Presbyterian Hospital on that claim as to her claim of discriminatory treatment under the ADEA. That is, you must consider whether New York Presbyterian Hospital has presented any legitimate, non-discriminatory reasons for its decisions with respect to that claim. New York Presbyterian Hospital must only come forward with a legitimate non-discriminatory reason; it does not have to convince you that its reasons are true and good. The law entitles New York Presbyterian Hospital to manage its workforce in any way it deems appropriate, as long as its decision was not motivated only by Plaintiff's age. New York Presbyterian Hospital does not have to prove – and it is not up to you to decide – whether New York Presbyterian Hospital made the "right" decision in this case. Thus, it is not up to you to decide whether New York Presbyterian Hospital was correct in its decisions concerning Plaintiff, or whether Plaintiff was treated fairly or unfairly. The sole issue is whether New York Presbyterian Hospital has come forward with some legitimate non-discriminatory reason for its employment decisions concerning the Plaintiff.

In proving her age discrimination claim under the ADEA following New York Presbyterian Hospital's evidence explaining its legitimate non-discrimination reasons for Plaintiff's treatment, Plaintiff must show by a preponderance of the evidence that "but for" her age New York Presbyterian Hospital would not have subjected her to this adverse employment action or by proving that the reason given by New York Presbyterian Hospital for her treatment is false and that age was the real and only reason for the treatment.

If you find that Plaintiff has not persuaded you of this with respect to Plaintiff's claim of age discrimination under the ADEA, you need not deliberate any further on the age discrimination claim and you must find in favor of The New York Presbyterian Hospital on this claim under the ADEA. If you find Plaintiff Mariana Preda has persuaded you with respect to

27

her claims for age discrimination, you may find in favor of Ms. Preda's claims of age
discrimination under the ADEA.


Proposed Instruction No. 18

Given_____
Refused_____
Given as modified_____
Withdrawn_____


_____
United States District Court Judge

Requested Instruction No. 19.
**(Willfulness Under the ADEA)**

If you find that New York Presbyterian Hospital discriminated against Plaintiff because of her age and thereby violated the ADEA, you must then go on to consider whether Plaintiff has proven by a preponderance of the evidence that the violation was "willful."

Willfulness requires that Plaintiff prove one of two alternative theories: either that The New York Presbyterian Hospital had actual knowledge that its conduct violated the ADEA, or that it acted with reckless disregard as to whether its conduct violated the law. To satisfy the first of these two alternative theories, Plaintiff must prove that New York Presbyterian Hospital had actual knowledge that its conduct toward Plaintiff was a violation of the ADEA.

To satisfy the second of these alternative theories, Plaintiff need not demonstrate that New York Presbyterian Hospital had actual knowledge that its conduct or policies violated the statute. However, it is not sufficient that New York Presbyterian Hospital was merely mistaken in believing that its conduct or policy complied with the statute. If you find that New York Presbyterian Hospital acted reasonably and made good faith efforts to ensure that its conduct and policies complied with the ADEA – even if you find that they ultimately failed in those efforts – then Plaintiff has failed to prove a willful violation. Similarly, if you find that New York Presbyterian Hospital was merely negligent in its efforts to comply with the ADEA, then Plaintiff has failed to prove a willful violation.

Instead, Plaintiff must demonstrate that New York Presbyterian Hospital was utterly indifferent to whether its conduct and policies complied with the law, and acted without interest or concern for whether it was violating the statute. Plaintiff must prove that New York

Presbyterian Hospital wholly disregarded the requirements of the statute and made no reasonable

efforts at all to ensure that its conduct and policy complied with those requirements.

Proposed Instruction No. 19

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court

30

Judge Requested Instruction No. 20.
**(Title VII/ADEA Hostile Work Environment - Prima Facie Case)**

Mariana Preda alleges that Defendant violated Title VII and the ADEA by creating and maintaining a hostile work environment on the basis of Plaintiff's national origin.   She also separately alleges that she was subject to a hostile work environment based on age.  To prevail on this theory under these federal laws, Plaintiff must produce evidence that the workplace was permeated with discriminatory intimidation, ridicule, and insult to her as a reasonable person, that was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

To make out a prima facie case of hostile work environment, Ms. Preda must establish all of the following:

(1)    she was subjected to harassment because she is Romanian or because of her age,

(2)    the harassment was so severe as to unreasonably alter the terms and conditions of her employment and create an *objectively* hostile environment,

(3)    that she *subjectively* perceived the work environment to be abusive, and

(4)    there is a basis for imputing the harassing conduct to the employer.

You should consider separately whether there was hostile work environment based on age from whether there was a hostile work environment based on national origin.   Your consideration should be separate as to each basis.   Title VII is not a general civility code.

31

Proposed Instruction No. 20

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

Requested Instruction No. 21.
**(Title VII/ADEA Hostile Work Environment – "Severe and Pervasive" Requirement)**

In determining whether allegations of abusive conduct are sufficient to meet the threshold for an objectively hostile environment, you must examine the totality of the circumstances, including (1) the frequency of the discriminatory conduct, (2) its severity, (3) whether it is physically threatening or humiliating, or merely an offensive utterance, and (4) whether the conduct would unreasonably interfere with an employee's work performance. Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.

Isolated incidents - unless very serious - are generally insufficient to demonstrate that the harassment was severe or pervasive enough to transform the conditions of employment and create a hostile work environment. In order to be actionable, the incidents of harassment must occur in concert or with a regularity such that they can reasonably be described as pervasive. Generally, incidents must be more than episodic; they must be sufficiently repeated, continuous, and concerted in order to be deemed pervasive. At the same time, there is no magic number of incidents above which harassment is actionable, and below which it is not. The touchstone of your inquiry must be whether a reasonable person could find Plaintiff's working conditions were unreasonably altered for the worse. To find a violation of the discrimination laws, the discriminatory conduct must be so extreme to amount to an unreasonable change in the terms and conditions of Plaintiff's employment.

33

Proposed Instruction No. 21

Given_____

Refused_____

Given as modified_____

Withdrawn_____


_____

United States District Court Judge

<u>Requested Instruction No. 22.</u>
**(Title VII/ADEA Hostile Work Environment - "Objective and Subjective" Requirement)**

The test for establishing a hostile work environment has both an objective and subjective component. A work environment will be considered hostile only if (1) a reasonable person would have found it to be so, and (2) the Plaintiff subjectively perceived it to be so.

Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment - which means an environment that a reasonable person would find hostile or abusive - is beyond Title VII's purview. This requirement is crucial, and you must be careful not to mistake lack of civility for discriminatory conditions of employment.

The effect of the conduct on Plaintiff's subjective perception of her work environment is also relevant to determining whether the conduct at issue created a hostile work environment. Conduct, however, directed at other employees of which Plaintiff was unaware during her employment, or conduct directed at other employees that did not subjectively alter the terms and conditions of Plaintiffs employment, cannot render Plaintiff's work environment hostile as a matter of law.

Proposed Instruction No. 22

Given_____
Refused_____
Given as modified_____
Withdrawn_____


_____
United States District Court Judge

35

Requested Instruction No. 23.
**(Title VII/ADEA/NYCHRL Hostile Work Environment - "Basis for Imputation"**
**Requirement)**

To prevail on a claim for hostile work environment, Plaintiff must establish that a specific basis exists for imputing the conduct that created the hostile work environment to the employer - here New York Presbyterian Hospital.

You must first decide whether the hostile work environment was created by employees of the New York Presbyterian Hospital, as opposed to a hostile work environment created by third parties, including employees of a third party employer.

If you find that a hostile work environment was created by co-workers employed by the New York Presbyterian Hospital (but not by Plaintiff's supervisors employed by the New York Presbyterian Hospital), you must dismiss her claim unless you find that the Plaintiff has met her burden of proof demonstrating that the Hospital either provided no reasonable avenue for complaint or knew (or reasonably should have known) of the harassment but did nothing about it. If you find that the Hospital provided a reasonable avenue for complaint, then you may not hold the Hospital liable for any of its actions or inactions in connection with co-worker harassment prior to a complaint by Plaintiff providing it with notice. If you find that Plaintiff made a complaint, you may only find the Hospital liable if you find it failed to take reasonable action following the complaint.

If you find that a hostile work environment was created by Plaintiff's supervisors employed by the New York Presbyterian Hospital, you must consider first whether there was any tangible employment action taken by the supervisor. If you find that the behavior of the supervisor employed by the New York Presbyterian Hospital culminated in a tangible

36

employment action against the Plaintiff, then Plaintiff has met her burden of proof.  If you find, however, that there was no tangible employment action taken, you must then consider whether (1) the employer exercised reasonable care to prevent and correct promptly any harassing behavior by the supervisor based on national origin or age and (2) the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise, including any complaint procedures provided in the Defendant's employment policies.  If you find that there was no tangible employment action, Defendant bears the burden of proof to show that it exercised reasonable care to prevent and correct promptly any harassing behavior and that the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.

Alternatively, if you find that a hostile work environment was created by third parties not employed by New York Presbyterian Hospital, but rather by employees of the Weill Cornell Medical College or another employer, you must dismiss her claim unless you find that the Hospital either provided no reasonable avenue for complaint or knew (or reasonably should have known) of the harassment but did nothing about it.  If you find that the Hospital provided a reasonable avenue for complaint, then you may not hold the Hospital liable for any of its actions or inactions in connection with third party harassment prior to a complaint by Plaintiff providing the Hospital with notice.  If you find that Plaintiff made a complaint, you may only find the Hospital liable if you find it failed to take reasonable action following the complaint as to third parties.

Proposed Instruction No. 23

Given_____

Refused_____

Given as modified_____

Withdrawn_____


_____

United States District Court Judge

Requested Instruction No. 24.
**(Hostile Work Environment Under The NYCHRL - "Treated Less Well" Requirement/Liability for Supervisor Acts)**

If you decide that Plaintiff Mariana Preda has met her burden of proof to establish all the elements of a hostile work environment except that you find she was not subject to severe and pervasive harassment, you may find for the Plaintiff on her hostile work environment claims under the New York City Human Rights Law (but not the ADEA or Title VII) only if you find she was treated less well than other employees because of her national origin or age. If you find, however, that she neither suffered severe and pervasive harassment, nor was treated less well because of her national origin or age, then you should dismiss all of her hostile work environment claims.

In considering Plaintiff's hostile work environment claims under the NYCHRL, if you find that harassment by a supervisor employed by the New York Presbyterian Hospital occurred, then Plaintiff has met her burden of proof.

Proposed Instruction No. 24

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

39

<u>Requested Instruction No. 25.</u>
**(Retaliation Claim: Plaintiff's Ultimate Burden of Proof)**

Mariana Preda alleges that she was terminated in retaliation for voicing her opposition to practices or events at New York Presbyterian Hospital that she perceived as harassment and discrimination. In certain circumstances, the law protects an employee who protests about what she believes to be harassment and discrimination based on national origin or age, but you must keep in mind that not all forms of protest are protected by the law. I will next instruct you on what Plaintiff Ms. Preda must prove in order to succeed in her retaliation claim. As I do so, you should keep in mind that the burden to prove by a preponderance of the evidence that unlawful retaliation occurred remains always on the Plaintiff, and that the burden is not on New York Presbyterian Hospital to prove non-retaliation.

Proposed Instruction No. 25

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

40

<u>Requested Instruction No. 26.</u>
**(Retaliation – Plaintiff's Burden of Proof)**

With respect to her claims of retaliation, Ms. Preda must prove each of the following elements by a preponderance of the evidence: (1) she engaged in protected activity by making a complaint to New York Presbyterian Hospital with a good faith, honestly held and reasonable belief that she had been harassed based on her national origin or age or subject to national origin or age discrimination in connection with her employment using appropriate means to pursue her complaint; (2) New York Presbyterian Hospital was aware of that protected activity; (3) New York Presbyterian Hospital took materially adverse action or terminated her employment contemporaneous with or subsequent to her protected activity; and (4) a causal connection exists between her protected activity and her adverse employment action, *i.e.*, that a retaliatory motive played a part in the adverse employment action. If you find that Plaintiff has failed to prove any of the four elements with respect to any act claimed to be retaliatory then you need not deliberate further on the retaliation claims and must return a verdict for the New York Presbyterian Hospital on all the retaliation claims.

If, however, you find that all four of the elements have been proven by the preponderance of evidence, you must consider the non-discriminatory explanation offered by New York Presbyterian Hospital as to her claim of retaliatory treatment. That is, you must consider whether New York Presbyterian Hospital has presented any legitimate, non-retaliatory reasons for its decisions with respect to that claim. New York Presbyterian Hospital must only come forward with a legitimate non-discriminatory reason; it does not have to convince you that its reasons are true and good. The law entitles New York Presbyterian Hospital to manage its workforce in any way it deems appropriate, as long as its decisions were not motivated by Plaintiff's complaint. New York Presbyterian Hospital does not have to prove – and it is not up

to you to decide – whether New York Presbyterian Hospital made the "right" decision in this case. Thus, it is not up to you to decide whether New York Presbyterian Hospital was correct in its decisions concerning Plaintiff, or whether Plaintiff was treated fairly or unfairly. The sole issue is whether New York Presbyterian Hospital has come forward with some non-retaliatory reason for its employment decisions concerning the Plaintiff.

In proving her retaliation claim following New York Presbyterian Hospital's evidence explaining its legitimate non-retaliatory reasons for Plaintiff's treatment, the burden shifts back to the Plaintiff to prove that a discriminatory motive, more likely than not, motivated New York Presbyterian Hospital or by proving both that the reason given by New York Presbyterian Hospital for firing her is false and an unlawful motive was the actual reason for her termination.

If you find that Plaintiff has not persuaded you of this with respect to Plaintiff's claim of retaliation, you need not deliberate any further on the retaliation claim and you must find in favor of New York Presbyterian Hospital on this claim. If you find that Plaintiff has persuaded you of this with respect to Plaintiff's claim of retaliation, you may find in favor of Ms. Preda on this claim.

Proposed Instruction No. 26

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court

42

Judge Requested Instruction No. 27.
**(Protected Activity)**

In order to prove that she engaged in a protected activity, which is one of the essential elements of Plaintiff s retaliation claim, Plaintiff must demonstrate that she had a good faith, reasonable belief that New York Presbyterian Hospital, or one of its employees or an employee who worked for another employer, had engaged in national origin or age discrimination or harassment in violation of the law as I have explained it to you. She must also prove that she reported the unlawful conduct to New York Presbyterian Hospital prior to the alleged adverse employment action.

In other words, in this case, Plaintiff must prove that she had a good faith, honestly held and reasonable belief that any complained of actions actually amounted to unlawful discriminatory conduct or harassment toward her, and that she complained to and advised New York Presbyterian Hospital that she believed she was being harassed. Whether Plaintiff's stated belief that she was harassed was made in good faith, honestly held and was reasonable is determined by the totality of the circumstances. If you belief that Plaintiff made a deliberately false allegation concocted in bad faith, or a complaint about conduct that a reasonable person would not believe was unlawful national origin or age discrimination or harassment, however, then you must find that her actions in pursuing those complaints were not protected under the law and cannot support a retaliation claim.

Even if you find that Plaintiff held a good faith, reasonable belief that New York Presbyterian Hospital, or one of it employees engaged in discriminatory conduct or harassment, you may not find that she engaged in protected activity unless you also find that she submitted and acted upon her complaints in an appropriate, reasonable fashion. An employee has no legal right to engage in insubordination or conduct that is inappropriate or disruptive of the work place

43

merely because she wishes to protest perceived discrimination, and an employer does not violate the law when it takes adverse employment action against an employee to preserve a workplace environment that is governed by rules, subject to a chain of command, free of commotion, and conducive to the work of the business enterprise. If you find that Plaintiff's activities were disruptive in this sense, then she did not engage in protected activity, and you must find for New York Presbyterian and dismiss her retaliation claim.

Proposed Instruction No. 27

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

Requested Instruction No. 28.
**(Retaliation Claims Under The NYCHRL -"Reasonably Likely" To
Deter A Person From Protected Activity Standard)**

If you decide that Mariana Preda has met her burden of proof to establish all the elements

of a retaliation claim except that you find she was not subject to a materially adverse action, you

may find for the Plaintiff on her retaliation claims under the New York City Human Rights Law

(but not under the ADEA or Title VII) only if you find the actions by New York Presbyterian

Hospital were reasonably likely to deter a person from engaging in protected activity.


Proposed Instruction No. 28

Given_____
Refused_____
Given as modified_____
Withdrawn_____


_____
United States District Court Judge

Requested Instruction No. 29.
**(Insufficiency of Subjective Beliefs)**

The subjective testimony of Plaintiff to the effect that she believes that she was retaliated against cannot form a basis for finding that she was in fact retaliated against. Her opinion in this regard is just that - opinion, - and you must disregard it. It cannot substitute for evidence that New York Presbyterian Hospital intentionally retaliated against Plaintiff. The proper inquiry is not whether Plaintiff believed New York Presbyterian Hospital's conduct was retaliatory, but whether in fact, her protected activity was a motivating factor in New York Presbyterian Hospital's decision.

Proposed Instruction No. 29

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

Requested Instruction No. 30.
**(Employment-At-Will)**

Plaintiff was an at-will employee. That means that her employment with New York Presbyterian Hospital could be terminated by her or New York Presbyterian Hospital at any time, for any reason, or even for no reason at all, as long as the reason was not based on Plaintiffs protected activity. An employer may discharge an at-will employee for a good reason, a bad reason, or for no reason at all, so long as the discharge is not retaliatory or based on unlawful discrimination.

Proposed Instruction No. 30

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

Requested Instruction No. 31.
**(Damages - Generally)**

I am about to instruct you as to the proper measure of the damages that you will be considering. The fact that I am giving you these instructions is not an indication of my view as to which party you should find for in the case or whether any damages are appropriate at all. Instructions as to the measure of damages are given only for your guidance in the event that you should find in favor of Plaintiff in accordance with the other instructions that I have given you.

Thus, if you find that Plaintiff has satisfied her burden of proving by a preponderance of the evidence that Defendant discriminated against Plaintiff based on her national origin or age or unlawfully terminated her employment based upon her engaging in protected activity, only then may you consider the issue of what damages Defendant should pay Plaintiff. On the other hand, if you decide that Plaintiff is not entitled to prevail on her claims, you need go no further.

Proposed Instruction No. 31

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

48

<u>Requested Instruction No. 32.</u>
**(Damages Must Be Reasonable and Not Speculative)**

A party seeking damages must prove the nature, extent, duration, and consequences of the damages sought. Your determination of damages must not be based on speculation or guesswork.

The burden of proof to show that damages were sustained is on the Plaintiff. Plaintiff must prove the damages she sustained by a preponderance of the evidence. You may not speculate, guess, or infer damages. Damages must be reasonable and based upon the evidence before you. If you should find that Plaintiff is entitled to a verdict on one or more of her claims, you may award Plaintiff only such sums as will reasonably compensate her for the damage you find she has sustained as a direct cause of Defendant's actions or inaction.

Proposed Instruction No. 32

Given_____
Refused_____
Given as modified_____
Withdrawn_____.

_____
United States District Court Judge

49

<u>Requested Instruction No. 33.</u>
**(Damages Based on Evidence - All Claims)**

You are instructed to make your decision as to the appropriate amount of damages, if any, based upon the evidence presented and because you feel sympathy for Plaintiff. If you find that Defendants intentionally discriminated against Plaintiff on the basis of national origin or age or retaliated against her for engaging in protected activity, you may award as damages only the amount you find justified by a preponderance of the evidence, no more and no less.

Proposed Instruction No. 33

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

50

Requested Instruction No. 34.
**(Duplicative Damages)**

I have a cautionary instruction before I define the types of damages you may award Plaintiff in the event that you find that she has proven liability and is entitled to damages according to the standards I have provided.

You may not award damages more than once for the same injury. For example, if Plaintiff were to prevail on two different theories and establish a one dollar injury, you are not permitted to award Plaintiff one dollar on each theory. Plaintiff is not entitled to recover more than you determine she has lost. For example, if you choose to award Plaintiff damages under her national origin and age discrimination and retaliation claims, you must consider the amount awarded in such a manner that Plaintiff does not receive a greater award than she is entitled to receive.

Of course, if different injuries are attributed to separate claims, then you may compensate Plaintiff for all of the injuries that she suffered.

Proposed Instruction No. 34

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

Requested Instruction No. 35.
(Backpay)

**[Please note that Defendant only requests this instruction in the event that this Court elects to seek an advisory determination on these matters from the jury pursuant to Fed.R.Civ. P. 39(c).]**

In the event you are convinced by the evidence that the New York Presbyterian Hospital discriminated or retaliated against Plaintiff, then you must determine what amount of money will reasonably compensate the Plaintiff for any injury she may have suffered. Plaintiff is asking for two specific types of compensatory damages, which we call "backpay" and "frontpay." Each of these two types of claimed damages has specific requirements that you must find before you can make any award.

Backpay refers to the damages that a Plaintiff may recover to compensate her for any loss of income she may have suffered between the time of any unlawful discrimination or retaliation that you may find to have occurred and the date of your verdict. Backpay therefore compensates the Plaintiff for any past losses she may have suffered as a result of any conduct you find was illegally discriminatory or retaliatory.

If you find that Plaintiffs discharge from her employment on May 18, 2005 was based on her national origin or age or in retaliation for her participation in protected activity, the measure of backpay is what Plaintiff would have earned, including salary and any benefits, between the termination and the date of your verdict if she had not been terminated. To calculate the correct amount of any backpay you may award, you should:

1.      First, calculate the amount of pay Plaintiff would have earned had she remained at Defendant through the date she became unable to work.

2.      Then, calculate the value of the employee benefits Plaintiff would have had if she had remained employed by Defendant.  In determining the value of the pay and benefits, the premiums paid by the employer for providing insurance benefits should be used.

3.      Next, subtract any amounts Plaintiff has earned or received as insurance or disability payments following her discharge from Defendant.  Unemployment benefits and accrued vacation which Plaintiff received at the time of or after her discharge should not be deducted.

Proposed Instruction No. 35

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

Requested Instruction No. 36.
(Front pay)

**[Please note that Defendant only requests this instruction in the event that this Court elects to seek an advisory determination on these matters from the jury pursuant to Fed.R.Civ. P. 39(c)]**

The law allows Plaintiff to be compensated for what we call "front pay," Front pay is basically a substitute for the Plaintiff not getting her old job back. In many cases of discrimination, the Plaintiff may want to get her old job back, which we call "reinstatement." In some cases, however, reinstatement is not a practical remedy, because the parties cannot work together or for similar reasons, and in such cases "front pay" may be awarded to a Plaintiff who has proven discrimination or retaliation in order to compensate her for any future losses derived from the illegal loss of her job. In other words, front pay compensates a Plaintiff for any future losses she may sustain as a result of the Defendant's illegal conduct between the day of your verdict and the time when you find she would have left the job of her own accord or been dismissed for legitimate, nondiscriminatory reasons. If you find that the Plaintiff would have left her job of her own accord, or would have been dismissed from that job for nondiscriminatory reasons, or was physically unable to work you may not award any front pay for any time after the date when you find those events would have occurred.

In calculating any front pay award, you should calculate the difference between, on the one hand, the benefits and salary that the Plaintiff would have received at New York Presbyterian Hospital for the period of time that you find she would have retained that job absent the discrimination or retaliation, and, on the other hand, any lower amount she may be earning or receiving at any subsequent employment for reasons other than her own lack of marketable skills. A defendant is not liable for any lack of employment opportunities that a plaintiff may encounter in the future that is not the direct result of that defendant's discriminatory or

54

retaliatory conduct, such as any difficulty she might encounter in securing other employment as a result of any deficiencies in her own job skills. Front pay is only appropriate to the extent you can reasonably predict that, as a direct result of the discrimination of retaliation, the Plaintiff has no reasonable prospect of securing alternative employment comparable to the job she would have had with New York Presbyterian Hospital but for the illegal discrimination or retaliation

If you award Plaintiff any amount of future losses, you must not speculate or guess as to the correct amount. Any future losses you may find must be based on evidence. In addition, any future losses you may find must be reduced to their value today. That is, you may award to Plaintiff for future losses no more than the sum of money needed today, which, when added to what that sum may reasonably be expected to earn in the future by investment, will equal the amount of Plaintiff s future loss less disability payments or social security payments. In other words, the total anticipated future loss must be reduced to an amount which, if invested at a particular rate of interest, will return an amount equal to the total anticipated future loss.

Proposed Instruction No. 36

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

Instruction No. 37.
("Total Disability")

**[Please note that Defendant only requests this instruction in the event that this Court elects to seek an advisory determination on these matters from the jury pursuant to Fed. R. Civ. P. 39(c)]**

Any recovery of front and back pay should not include a period in which the Plaintiff is totally disabled. You may not award front and back pay if Plaintiff is unable to work.

Proposed Instruction No. 37

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

<u>Requested Instruction No. 38.</u>
**(Mitigation of Damages)**

A plaintiff who has been unlawfully terminated from employment has an obligation to mitigate, that is, to minimize, her damages. This means that Plaintiff must have used reasonably diligent efforts to obtain other suitable employment. While Plaintiff is not required to accept a demotion or go into a new line of work, she must use reasonable diligence in seeking comparable alternative employment.

Defendant has the burden of proof on this issue. You must decide whether, at any time subsequent to her termination, Plaintiff did not meet her duty to mitigate her damages, that is, that she failed to make reasonable efforts to obtain other suitable employment.

Proposed Instruction No. 38

Given_____
Refused_____
Given as modified_____
Withdrawn_____


_____
United States District Court Judge

Requested Instruction No. 39.
(**Punitive Damages**)

[**Please note: Defendant only requests this instruction if the Court concludes that an instruction regarding punitive damages is appropriate based upon the evidence adduced at trial.**]

Plaintiff has requested that the jury consider imposing punitive damages against Defendant. Plaintiff, however, is not entitled to punitive damages as a matter of right. Punitive damages are not favored in the law and may be awarded only after cautious and thoughtful consideration of all the evidence in the case. Of course, you need not award any punitive damages if you find that such an award is not warranted by Defendant's conduct. If you do determine that punitive damages may be appropriate to consider, however, you may award them only within the narrow limits that I will now explain.

Punitive damages may be awarded only where a party has acted willfully, maliciously, with gross disregard for the rights of the complaining party and for the purpose of causing injury to Plaintiff. In other words, you may only award punitive damages to Plaintiff if she proves that Defendant's conduct was wanton and reckless. An act is wanton and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the rights of others. The purpose of punitive damages is to punish a wrongdoer for some extraordinary or outrageous misconduct and to serve as an example in order to deter that party and others from committing similar acts in the future.

A Hospital employer is not liable for punitive damages based on the wrongful acts of its employees, unless the employer authorized or approved the wrongful acts for which the damages are awarded and was aware of their wrongfulness. With respect to a not for profit corporate employer, such as New York Presbyterian Hospital, the authorization or approval must be by an officer, director or managing agent. A managing agent is a person who has authority to make

58

decisions which will determine corporate policy. Absent these conditions, Defendant is not liable for punitive damages.

Punitive damages are an extraordinary sanction and are not appropriate solely because you might find that Defendant intentionally discriminated or retaliated against Plaintiff. As I noted, the standard for awarding punitive damages is a high one and they may be awarded only in exceptional circumstances. Unless you find that the standard for awarding punitive damages, as I have outlined it, has been met by competent proof presented by Plaintiff, you should not award punitive damages.

In addition, you may not award punitive damages under the ADEA.

Proposed Instruction No. 39

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

Requested Instruction No. 40.
**(Amount of Punitive Damages)**

If you determine that under the limited circumstances I just described that the facts justify an award of punitive damages, you should fix the amount using calm discretion and sound reason. It should be an amount that all jurors agree is proper. You must not be influenced by sympathy for or dislike of any party in the case, and should try to determine a fair, just and reasonable amount for Plaintiff under the circumstances.

In fixing the amount, if any, you should consider the following questions: How offensive was the conduct? What amount is needed to prevent future repetition? Does the amount of punitive damages bear a reasonable relationship to the actual damages awarded? You should not award Plaintiff additional compensation in the form of punitive damages for injuries already compensated for in an actual damages award.

The amount of punitive damages, if any, that you may award is limited by law. It must bear a "reasonable relationship" to the award of actual damages. In other words, an award of punitive damages, if any, must be in reasonable proportion to the amount of actual loss suffered by Plaintiff.

Proposed Instruction No. 40

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

Requested Instruction No. 41.
**(Witness Credibility)**

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in her or her testimony. You are the sole judges of the credibility of each witness and of the importance of her or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense which cannot be reconciled. You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which many help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross examination? Was the witness consistent in his testimony or did he contradict himself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or

her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness–consciously or not–to give you something other than a completely accurate accounts of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express him or herself. Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in this case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment and your experience.

Proposed Instruction No. 41

Given_____
Refused_____
Given as modified_____
Withdrawn_____

_____
United States District Court Judge

<u>Requested Instruction No. 42.</u>
**(Impeachment/Perjury)**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony. I must warn you that the testimony of any witness whom you find did previously and deliberately lie under oath should be viewed cautiously and weighed with great regard and care.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think the witness deserves.

If a witness is shown "knowingly" to have testified falsely or rendered false sworn statements concerning any matter germane to any issue before you, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Proposed Instruction No. 42

Given_____
Refused_____
Given as modified_____
Withdrawn_____

                              _____
                              United States District Court Judge

63

<u>Requested Instruction No. 43.</u>
**(Sympathy)**

In reaching your verdict you are not to be affected by sympathy for any of the parties, what the reaction of the parties or of the public may be to your verdict, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in the courtroom. You should consider only the evidence, both the testimony and the exhibits, find the facts from what you consider to be the believable evidence, and apply the law as I now give it to you. Your verdict must be determined by the conclusion you reach, no matter whom the verdict helps or hurts.


Proposed Instruction No. 43

Given_____
Refused_____
Given as modified_____
Withdrawn_____


_____
United States District Court Judge

Requested Instruction No. 44.
**(Corporate Parties)**

The law considers a not for profit corporation to be a person, with rights just like any natural person.  A not for profit corporation like New York Presbyterian Hospital is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.


Proposed Instruction No. 44

Given_____
Refused_____
Given as modified_____
Withdrawn_____


_____
United States District Court Judge